HICKS *et al. v.* Fox *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed March 17, 1950.

O. W. McKenzie, and C. P. Swafford, both of Dayton, for appellants.

Atchley & Atchley, of Chattanooga, and Walter H. Cheers, of Dayton, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The question involved in this lawsuit is: Can a county court of this State waive the one year Code, Section 3132, statute of limitation applicable to the payment of damages for the taking of property for highway purposes for a State highway sixteen years after said road has been taken?

The Chancellor by his decree, enjoined the necessary authorities of Rhea County from appropriating money to pay for property taken and incidental damages for a roadway which was taken some sixteen years prior to the appropriation made by the county court. He enjoined these authorities from levying a tax and paying the appellant the amount fixed for these damages.

The Chancellor in his memorandum opinion very aptly and succinctly summed up the factual situation (bill and 'answer) as follows: ''On or about July 1, 1929, the Department of Highways and Public Works of the State of Tennessee, submitted a proposal to Rhea County to construct and improve State Highway Route No. 29 (U. S. Highway No. 27) located in Rhea County between the Hamilton County line and the Roane County line, being approximately 32 miles in length. About March, 1930, this Highway was located over and across the lands here involved. It ran generally North and South and involved a strip approximately 3,268 feet long with an average width of approximately 80 feet. Possession by the authorities was taken by consent of Mr. Fox in the absence of conveyance or condemnation proceedings. His answer states, 'Unfortunately this defendant overlooked the requirement of the statute of limitations applicable to such taking and it was not until the statutory period had run against him that he realized relief was barred. Various times thereafter, this defendant brought the matter to the attention of various officials of this County, but never received any support looking toward payment until at the Quarterly County Court of this County held in July 1947. . . .' At this session a committee of three was appointed by the Quarterly County Court, which committee after investigation reported:'' that the value of

the land taken from Mr. Fox was $200.00 and that he had suffered incidental damage by reason of the taking in the sum of $2000.00. The committee, therefore, recommended that this sum should be paid out of the county budget for the year 1948. At the January term, 1948, a budget for that fiscal year was adopted which contemplated a 3¢ levy for the payment of the Fox claim.

Prior to or about the time of the construction of said highway, Rhea County entered into a contract with the State of Tennessee whereby the county agreed to furnish all the necessary rights-of-way without charge to the State. Subsequent thereto, in July 1931, the legislature of the State of Tennessee passed an Act transferring all liability for the rights-of-way to the State of Tennessee, relieving Rhea County from any liability by reason thereof. Public Acts of 1931, Chapter 57. The general purpose of this Act was to transfer to the State liability for the payment of the cost of the right-of-way to be paid by the State "as other highway expenses are paid." *Baker* v. *Donegan,* 164 Tenn. 625, 628, 47 S. W. 2d 1095, 52 S. W. 2d 152. In other words the Act substitutes the State for the county as the party liable to the property owner for the value of the property taken and incidental damages thereto by reason of the taking of the land for highway purposes.

Under such circumstances does the county court have a right to waive the statute of limitation and levy a tax and pay a stale claim of the kind here presented? Section 739 of the Code provides that: "Every county is a corporation, and the justices in the county court assembled are the representatives of the county, and authorized to act for it."

■ It is elementary that the county court has only such powers as are vested in that body by statute. *Railway Co.* v. *Wilson County,* 89 Tenn. 597, 15 S. W. 446; *Henry* v. *Grainger County,* 154 Tenn. 576 290 S. W. 2. This Court has said:

" ' "Counties owe their creation to the statutes, and the statutes confer on them all the powers which they possess, prescribe all the duties they owe, and impress all the liabilities to which they are subject." ' . . . .

" 'It has been tersely said "the limits of all powers of counties, except those necessarily implied, must be found within the four corners of the statutory provision made by the Legislature". 4 Am. & Eng. Enc. L., 389.' *Burnett* v. *Maloney,* 97 Tenn. 697, 37 S. W. 689, 34 L. R. A. 541." *State ex rel. Citizens of Wilson County* v. *Lebanon & Nashville Turnpike* Co., 151 Tenn. 150, 160, 268 S. W. 627, 630.

■ We have had no statute referred to us whereby the county is authorized to waive the statute of limitation and tax the people of the county for paying a stale claim of this kind. We have likewise made search for such statute and can find none. It seems, therefore, perfectly obvious that since the county must derive its authority to settle a claim of this kind from statute, it certainly is not implied in the general Act creating the county, that then the county court was without authority to do as it did herein. In the absence of statutory authority a former liability of a county extinguished by the bar of the Statute of Limitation is no debt. It follows that the paying or authorizing the payment of it out of the public money is *ultra vires* and void. Under such circumstances taxpayers of the county may enjoin

the levy of the tax and the payment of such illegal claims allowed by the county court.

■ Public officials are trustees of all the people and have no power to waive the statute of limitation. The county court of Rhea County are the elected governing officials of this corporation and as such are the trustees for the people of that county. As such trustees they have a much higher obligation imposed upon them, in the handling of the business of the county, than they would in handling their own personal affairs. In handling their personal affairs they would have a perfect right to waive the statute of limitation if they so desired but when they come to handling the rights of others and administering their affairs, taxing the people and spending money for others, they have a much higher duty and obligation imposed upon them than they do in handling their private personal matters. They certainly should not be allowed to waive the statute of limitation to a claim as that filed herein. What we have just said is supported by the text of American Law Inst. (Contracts, Section 86, page 101) wherein after it is stated that private individual may waive the statute of limitation, it is said that: ''An executor, administrator, trustee or guardian who makes such a promise as that stated, subsection 1, cannot by so doing impose a duty upon the estate which he represents.'' The reasoning back of this statement seems equally applicable to a situation as presented in the instant case.

From the excellent memorandum opinion of the Chancellor we heartily approve of the following statement: ''To sustain the action of the County Court in this matter would in effect endorse the allowance and payment of public funds or the taxpayers' money whenever and

wherever an ancient and hoary claim might be asserted against and approved by the County. If the citizens and taxpayers who the Quarterly County Court represents were subjected to this type of representation, little security would be afforded the body politic. It would also open wide the doors to those who might seek and find favor with the governing body to the end that efficiency and economy in government would suffer.''

■ There is really no moral or legal obligation upon the county (in 1947) for the claim of Fox. Prior to the enactment of Chapter 57 of the Public Acts of 1931, hereinbefore referred to, the county was liable out of its general revenue for the taking of these rights-of-way. After the passage of this Act the State took over and assumed this liability. It would certainly seem that in any subsequent waiver (years later by the county court) there was no moral or legal obligation upon the county which might under any circumstances be permissible to allow the county to waive the statute of limitation. In acquiring these rights-of-way for this State highway, the county was acting as an arm or agency of the State. *Department of Highways and Public Works* v. *Gamble,* 18 Tenn. App. 95, 101, 73 S. W. 2d 175.

For the reasons above expressed the decree of the Chancellor is affirmed. The costs of the cause will be taxed to the appellant and surety on the appeal bond.

All concur.