STATE *ex rel. v.* BANK OF VONORE *et al.*

(*Knoxville*, September Term, 1953.)

Opinion filed July 23, 1954.

GODDARD & GAMBLE, of Maryville, FRANK K. BOYD, of Athens, for plaintiffs.

FRANK N. BRATTON, of Athens, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause is now before the Court upon a demurrer to the petition filed by the estate of R. L. Boyd, deceased. The suit was brought originally by the State on relation of the Superintendent of Banks for the purpose of winding up the affairs of the Bank of Vonore in Monroe County. The affairs of the bank have been administered for some time, and this cause remains in court for the purpose of determining the rights of the parties in several petitions filed by R. L. Boyd in his lifetime.

On December 5, 1935, a judgment was rendered in this cause against the heirs of A. E. Brakebill, deceased, for the sum of $11,681.46, which judgment was renewed and reaffirmed on June 8, 1943.

The original petition filed by Boyd charged that he had a considerable amount of money deposited in the bank, and when he threatened to remove said deposit, the president of the bank persuaded him to leave the funds in said bank, and as an inducement, transferred to him two notes, one for $5,000 and the other for $6,000, on which A. E. Brakebill, among others, was an endorser; that said notes were in reality the obligation of A. E. Brakebill, and that

he used the money derived therefrom for the purchase of certain bonds issued by Monroe County, and as a result, he was entitled to a lien upon said bonds to secure any judgment he might obtain against Brakebill upon said notes. The petition further charged that said bonds had been transferred by Brakebill to his wife, Cora Brakebill, for the purpose of defrauding the creditors of A. E. Brakebill, and especially for the purpose of defrauding petitioner, and hindering and delaying him in the collection of said obligation. The petition further charged that the following Monroe County bonds were purchased by Brakebill, bonds numbers 33, 34, 35 and 36, due in 1946; bonds numbers 41, 42, 49, 50, 51 and 52, due in 1947.

The petition was later amended so as to make Monroe County a party. Monroe County then filed an answer and stated that the bonds were past due and that the County had on deposit with its trustee a sum sufficient to retire said bonds and interest.

On the 6th day of December, 1949, the court entered a decree in favor of the petitioner and against the County in the sum of $10,000 principal of bonds referred to, which are described therein, together with the interest thereon to date of the maturity. The court further ordered and found as a fact that the said bonds were purchased by Brakebill with money belonging to the petitioner, and that said bonds were in the hands of said defendants and that the proceeds of said bonds be applied to the satisfaction of petitioner's decree of $11,681.46. There was an appeal to the Court of Appeals, and that court reversed the decree and provided that the petitioner should execute a sufficient bond in a sum double the amount of bonds, plus outstanding interest, to indemnify the County in case the bonds were presented by an inno-

cent holder for payment. There was a petition for certiorari filed but was denied by this Court.

The administrator of Boyd then filed a supplemental petition in which it was alleged that four of the bonds heretofore mentioned, that is numbers 33, 34, 35 and 36, became due on July 1, 1946, and that any action on the part of any holder of these bonds would be barred by the Statute of Limitations, and that payment of said bonds to the administrator of Boyd would in no way render Monroe County liable for the payment of same to any holder thereto, for the reason that the rights of such holder, or holders, thereof are barred by the Statute of Limitations, and said petition prayed for a decree against Monroe County for the amount due on said bonds.

On July 31, 1953, the County filed a demurrer to this supplemental petition and pleaded the Statute of Limitations of ten years, Code Section 8601. The Chancellor held that this Section had no application, but that the six year Statute provided for in Section 8600 of the Code applied. This Section provides as follows:

"8600. Six years for use and occupation, rent, surety for official delinquencies, and on contracts not otherwise expressly provided for.—Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; actions on contracts not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued."

The ten year Section has no application to a suit involving contractual obligations such as these.

■ The right of the County to waive the six year

Statute of Limitations should a holder of the bonds sue in the future was determined in our case of *Hicks* v. *Fox,* 190 Tenn. 82, 228 S. W. (2d) 68, in which this Court held that public officials are trustees of all the people and have no power to waive the Statute of Limitations.

Therefore, should a suit be brought on these bonds that have been barred by the Statute of Limitations of six years, there would be no liability on the County, as it would be required under the law to plead the Statute of Limitations of six years.

This being true, there is no error of the Chancellor and it is affirmed.