## SMITH *v.* FAGAN *et als.*

THE complaint in this case, alleging that plaintiff and defendants are members of a joint stock company known as the "Miner's Ditch Company," that defendants exclude plaintiff from participation in the business or benefit from it, that they have received large sums of money from the same, and refuse to account or pay him anything, etc., entitles plaintiff to relief by a decree affirming his interest and directing an account.

APPEAL from the Eleventh District.

Complaint avers, that plaintiff and a number of other persons formed a joint stock company, known as the "Miner's Ditch Company," to construct a ditch for water in certain mining localities; that the stock of the company was to be represented by shares valued at one hundred dollars each, of which plaintiff owns seventy, making him the principal stockholder; that the ditch is finished, and has been delivering water to miners for a long time; that defendants, by purchase from some of the original stockholders, are now the owners of twenty-three shares of stock, and refuse to recognize plaintiff as a stockholder in the company, or as in any way interested in the property or business thereof, or to permit

Smith *v.* Fagan.

him to exercise any of the rights or privileges of a stockholder. The complaint further avers, that defendants have fraudulently conspired together to injure plaintiff, and deprive him of his rights, by permitting the ditch and property of the company to be sold for taxes, while said defendants had in hand money and means of the company more than sufficient to pay such taxes; that the ditch, etc., was bought in at the tax sale by defendant Fagan in his own name, but with the company's money; and that he now claims to be sole owner by virtue of the Sheriff's deed in pursuance of such sale.     There are other averments not material to be stated.  Prayer that the sale to Fagan for taxes be set aside, and the deed canceled; that the company be dissolved, an account be taken, property sold and division made.

A demurrer was filed to the effect, among other things, that the complaint did not state facts sufficient to constitute a cause of action. Overruled.    Answer filed denying the allegations of the complaint, but admitting plaintiff to be owner of three and one-half shares of stock, and averring a tender and refusal of those shares.

The case was tried by the Court, and judgment rendered that plaintiff was not entitled to the relief demanded; and that "he have nothing, save and except the three and one-half shares of stock mentioned and set forth in the answer;" and that defendants have judgment for costs.

Plaintiff, on motion for new trial, filed a statement embracing the testimony and proceedings below, and defendants filed amendments to the statement, but there is nothing in the record showing that the statement was settled, agreed to or signed, either by the parties or the Judge.

New trial granted in the following language: "If this be an action at law, the judgment fails to award possession of the three and one-half shares to the plaintiff; and if it be a proceeding in equity, then no account has been taken nor ordered."    From the order granting a new trial defendants appeal.

*Tuttle & Hillyer*, for Appellants.

I.    There is no statement properly certified or agreed to. (Pr. Act, sec. 195 ; 2 Cal. 306.)

II.   The bill contains no cause of action.   It makes plaintiff and defendants tenants in common, and avers an ouster.   Plaintiff's proper remedy is ejectment to settle the title at law. (4 Johns. Ch. R. 590 ; 3 Edwards' Ch. R. 284 ; *Coke* v. *Littleton,* 199 ; 5 Bacon, 305 ; 3 Met. 175 ; *Waring* v. *Crow,* 11 Cal. 370.)

Even if the original undertakers are to be regarded as partners in the work, defendants come in as purchasers and are tenants in common with plaintiff.   (*Munford* v. *McRay,* 8 Wend. 442 ; 17 Johns. 525 ; Collyer on Part. 110 ; *Mitchell* v. *Vandewater,* 4 Johns. Ch. R. 522 ; Story on Part. 307, 308 ; *Putman* v. *Wise,* 1 Hill, 234.)   But the original undertaking constitutes the parties to the work tenants in common.   (4 Johns. Ch. R. 590 ; 3 Edwards' Ch. R. 284.)

A bill in equity does not lie for an account between tenants in common, except when each admits the right of the other, and has made the other his bailee or trustee.   (*Sargent* v. *Parsons,* 12 Mass. 148, 149 ; *Coke* v. *Littleton,* 200, 206 ; 4 Kent, 365, 370 ; 1 Johns. Ch. R. 111 ; 3 Id. 302 ; 9 Mass. 542, note 6.)

A bill for a partition will not lie, except when the title is clear, and admitted by all the parties.   If there is a dispute, the title must first be settled at law.   (Id.)

The applicant for partition must show seizin and actual possession. A disseizin or an adverse possession bars the suit for partition. (*Clapp et al.* v. *Brougham et al.,* 9 Cow. 530 ; Wood's Dig. 202, sec. 264, and following.)

III.   If the Court should be of opinion that the statement is correct without a settlement or certificate, and that the complaint contains a cause of action, still the testimony sustains the judgment, and shows that the plaintiff is not entitled to any relief.

*E. B. Crocker,* for Respondent.

1. Appellants object that the statement on motion for new trial was never settled or agreed to.   If so, then there is nothing here to show that the Court below erred in granting the new trial.   The presumption of law is, that the Court below decided correctly ; and if they contend he erred, it was for them to make out a statement on appeal, properly settled or agreed to, in which the grounds of

the alleged error would distinctly appear. Where the evidence is not set out in a statement on appeal, the Court will presume that a new trial was properly granted. (9 Cal. 207.)

Where a party appears and argues a motion for new trial, he cannot object afterwards that the statement was not settled or agreed to. (Id.)

2. The complaint is sufficient. Locators and constructors of ditches are partners in the enterprise, and own the property as partnership stock. (*Kimball* v. *Gearheart*, 12 Cal. 27.) Equity will treat partnership real estate the same as other partnership stock and property. (3 Kent, 37 and note; Collyer on Part. sec. 135.)

When the defendants are guilty of misconduct or bad faith, or the exclusion of a party from a share in the management of the business, equity will decree a dissolution, and an account and sale. (Collyer on Part. secs. 297, 298, 300.)

Joint stock companies are governed by the same rules as other partnerships. (Collyer on Part. secs. 1078, 1081, 1087.) And the same rule applies between tenants in common in many cases. (*Ruffner* v. *Lewis*, 7 Leigh, 720; *McClanahan* v. *Henderson*, 2 A. K. Marsh, 388; *Hannan* v. *Osborn*, 4 Paige, 336.)

The argument and authorities of the appellants on this question are based entirely on common law rules respecting the technical rights of tenants in common, and have no application in a case of this kind.

3. The testimony, if properly before the Court, shows that the new trial ought to have been granted.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The order granting a new trial is affirmed. The bill shows a title to relief upon the ground of the plaintiff's interest, as a stockholder or partner in the joint stock company mentioned therein; entitling him, if the averments were proved, to a decree affirming his interest, and directing an account. The plaintiff was entitled to an account, and we can see no error in the order of the Court for a retrial upon the facts, even if we are to regard the

statement as properly before us. If there be no statement, then there is no showing or presumption of error in the action of the Court.