ALLEN, *Plaintiff in Error*, v. COLLIER.

**Statute of Limitations**: ACKNOWLEDGMENT OF DEBT. No acknowledgment of a debt, which is not made to some person, will interrupt the running of the statute of limitations. *So held* of an acknowledgment contained in a writing which, after the death of the debtor, was found among his papers, signed by him and purporting to be his will, but never attested.

*Error to Clay Circuit Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED.

*Gill & South* for plaintiff in error, cited 2 Wag. Stat., § 28, 920; Angell on Limitations, §§ 270, 271; *Whitney v. Bigelow*, 4 Pick. 110; *Soulden v. Van Rensselaer*, 9 Wend. 293; *Bryar v. Willcocks*, 3 Cow. 159; 1 Greenleaf on Ev., § 150 *et seq*; *Carter v. Carter*, 44 Mo. 195; *Public Admr: v. Watts*, 1 Paige 347; 1 Perry on Trusts, (2 Ed.) § 91; *Carr*

*v. Hurlbut,* 41 Mo. 264; *Blue Hill Academy v. Ellis,* 32 Me. 268; *Baxter v. Pennıman,* 8 Mass. 134; *Watkins v. Stevens,* 4 Barb. 171; Hill on Trustees, 61; *Pearce v. Dansforth,* 13 Mo. 360; *Renfro v. Harrison,* 10 Mo. 411; 2 Greenleaf Ev., §§ 440, 441.

*D. C. Allen* for defendant in error, cited *Meriam v. Leonard,* 6 Cush. 151; *Edwards v. Cully,* 4 Hurlst. & Norm. 377; *Grenfell v. Girdlestone,* 2 Younge & Coll. 676; *Kyle v. Wells,* 17 Pa. St. 286; *Pearson v. Darrington,* 32 Ala. 227.

NORTON, J.—The defendant in this case interposed the plea of the statute of limitations in bar of plaintiff's right of action on a note executed by his intestate to plaintiff dated January 10th, 1864, for $134, due from its date. To take the case from under the operation of the statute plaintiff offered in evidence a certain writing contained in the private account book of defendant's intestate, signed by said intestate purporting to be a will written in pencil. Said writing was not attested, and was found among the papers of the intestate after his death, and contained the following words: "That out of my estate she (alluding to his wife) shall pay all my just debts including a debt due my mother of about $400."

The only question presented in the case is whether the said writing was such an acknowledgment as would prevent the operation of the limitation law. The court below held that it was not sufficient, and gave effect to the defendant's plea of the statute, and this action of the court is assigned for error. There is a conflict of the authorities as to whether an acknowledgment or promise in writing, signed by the party to be bound, if made to a stranger, would be sufficient to take a case from under the operation of the statute of limitations, but there is no conflict, as to the necessity for such promise or acknowledgment being made to some person, either to the creditor or his representative, or to a stranger. A promise or acknowledgment

implies that it is made to somebody, and in every promise there must necessarily be a promissor and promissee. The will in question was never attested, and was, therefore, no will. A mere writing acknowledging a debt, which is retained by the person making it, and which is never delivered either to the creditor or any one else, cannot have the effect of preventing the operation of the statute. In the case of *Meriam v. Leonard*, 6 Cush. 150, where the acknowledgment of the debt was contained in a mortgage duly executed and acknowledged, which was never delivered to the mortgagee, but was found after the mortgageor's death among his papers, Justice Shaw held that it did not amount to an acknowledgment of the debt or of a willingness or intention to pay from which a promise could be implied. The deed was never delivered, and of course was not an instrument by which the signer was bound. Judgment affirmed. All concur except Judge NAPTON.