CITY OF HOUSTON v. ANNIE JANKOWSKIE.

No. 2869.

**1. Limitations—Declarations.**—The secretary of a municipal corporation can not by his report to the city council, which in his estimate of the bonded indebtedness of the city includes as a valid claim bonds which on their face are barred by limitation, relieve such bonds from the bar of the statute. An acknowledgment of a debt from which a promise to pay can be implied must be made by the debtor, or some one authorized to make it, and to some one holding the claim, or his agent.

**2. New Promise.**—A promise to pay a debt which appears to be within the bar of limitation, when made to a stranger, will not relieve the claim from the bar of limitation. Fort Scott v. Hickman, 112 U. S., 150, cited and approved.

APPEAL from Harris.    Tried below before Hon. James Masterson. The opinion states the case.

*H. F. Ring*, for appellant.—The court erred in rendering judgment for the plaintiff, because the evidence shows that plaintiff's claim was barred by the statutes of limitation.  Fort Scott v. Hickman, 112 U. S., 150; Weismor v. Village of Douglas, 64 N. Y., 91; Springport v. Bank, 75 N. Y., 397; Moore v. Bank, 6 Pet., 86; Denny v. Merritt, 13 N. W. Rep., 148; Gathright v. Wheat, 70 Texas, 740.

*J. W. Walker*, for appellee.

STAYTON, CHIEF JUSTICE.—Appellee brought this action against appellant to recover a sum claimed to be due on bonds issued by the latter, which matured on November 1, 1879.

The action was not brought until November 23, 1888, and defendant pleaded in bar the statutes of limitation.

For the purpose of avoiding the bar of the statutes of limitation the plaintiff introduced in evidence the annual statements of the secretary of the city of Houston for the year 1885, in which the following item appears under the head of liabilities:  "M. Richmond, past due bonds, $2600." It was admitted that the bonds on which suit was brought were a portion of the $2600 worth of bonds described in the annual statement as "M. Richmond, past due bonds."  Plaintiff also introduced the ordinance prescribing the taxes and licenses to be assessed and collected by the city of Houston for the year 1881 and each year thereafter, and it was admitted that the taxes collected by virtue of this ordinance were applied for the purposes mentioned in the same, including the payment of the city debt.

The ordinance referred to levied a tax of one per cent annually on property within the city limits, which, " when collected, shall constitute a fund to be set apart and held for the payment of the interest on the various issues of city bonds heretofore issued under and by virtue of the ordinances and resolutions of this and former city councils in the order as may be lawfully determined, and also for the creation of a sinking fund for the redemption of the said bonds."

The court below held that these facts took the claim out of the bar of the statute, and entered judgment for principal and interest as they appeared from the bonds.    It is claimed that this was error.

In an amended petition filed on April 24, 1889, it was averred "that all of said bonds have been recognized and the justice of the same has been acknowledged in writing and signed by the proper and legal officers of the said defendant within the last four years."   If it be conceded that this action is based on a new promise or acknowledgment from which a

promise may be implied, do the facts proved constitute such acknowledgment or promise?

The full entry in the annual statement made by the secretary, having any bearing on the question before us, is under the heading "Bonded debt, * * * M. Richmond past due bonds, $2600," and under the heading "Approximate estimate of accrued interest on bonds, * * * for $2600 Richmond bonds, six years at 10 per cent, $1560."

This statement was no doubt made for the information of the city council, but there is no evidence that the secretary had any authority to make any acknowledgment or promise that would bind the city; nor is there any evidence that the city council approved it or in any way acknowledged the existence of the debt.

The declarations of the secretary at most show that in his opinion bonds issued to M. Richmond for $2600 were past due, and that interest on them to time report was made amounted to $1560; but the city can not be bound by his opinions even if expressed to the creditor, and when only contained in report to city council they are wanting in all the elements necessary to an acknowledgment or promise by which the city can be bound. An acknowledgment from which a promise is to be implied must be made by the debtor in writing, or by some person authorized to make it, and it must be made to the person holding the claim or to some person acting for him.

No acknowledgment of a debt not made to some person will interrupt the running of the statute, and a statement made by an agent to his principal can not operate as an acknowledgment.

It has been held that acknowledgments in writing signed by the debtor, but never delivered to the creditor, or to any one for him, can not interrupt the running of the statute or remove the bar completed by lapse of time. Allen v. Collier, 70 Mo., 138; Merriam v. Leonard, 6 Cush., 153.

A promise or acknowledgment made to a stranger is not sufficient. Fort Scott v. Hickman, 112 U. S., 150; McKinney v. Snyder, 78 Pa. St., 496; County v. Harbison, 58 Mo., 90; Kirby v. Mills, 78 N. C., 124; Parker v. Shuford, 76 N. C., 219; Carroll v. Forsyth, 69 Ill., 127; Wachter v. Albee, 70 Ill., 47; Ringo v. Brooks, 26 Ark., 543.

In Fort Scott v. Hickman it appeared that a committee of a city council, appointed to consider the city indebtedness, made a report showing the assets and liabilities of the city, which included as a liability a named issue of bonds. The report proposed a plan for compromise with holders of city bonds, proposition to holders to be made through circular which the committee recommended, which was to be sent to persons holding city bonds other than the named issue, as to which the committee made no report further than to include them in statement of liabilities. The city council adopted the report of committee, and ordered the circular to be sent to holders of bonds other than the issue named, which was done.

On this state of facts it was held that neither the report of committee, its adoption, nor the circular or letter was such acknowledgment of the debt evidenced by the named issue of bonds as to take them out of the bar of the statutes of limitation.

Acknowledgment of a debt such as will justify the raising of an implied promise to pay it certainly ought to be made to the other party to the contract to be implied, or to some person representing him. The mere fact that the city levied and collected taxes to meet interest due and create a sinking fund can not operate as an acknowledgment of or promise to pay any particular bond or issue of bonds.

No fact is shown by the evidence which defeats the bar of the statute pleaded, and as the cause was tried without a jury, the judgment will be reversed and here rendered in favor of appellant.

It is so ordered.

*Reversed and rendered.*

Delivered February 28, 1890.