[Civ. No. 22100. Second Dist., Div. One. Apr. 22, 1957.]

GEORGE A. MITCHELL, Petitioner and Respondent, v. COUNTY SANITATION DISTRICT NUMBER ONE OF LOS ANGELES COUNTY, Defendant and Respondent; J. M. LOWERY, as Auditor, etc., Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Alfred Charles De Flon, Deputy County Counsel, for Appellant.

F. J. Finucane, Gordon, Knapp & Gill and Joseph C. Gill for Respondents.

FOURT, J.—This is an appeal from a judgment granting a writ of mandate wherein J. M. Lowery, County Auditor of Los Angeles County, was directed to draw certain warrants in favor of the petitioner.

The material facts were stipulated to and are substantially as follows: County Sanitation District Number One of Los Angeles County, hereinafter referred to as the District, was during all of the times in question, and still is, a political subdivision of the state. In June, 1925, the District issued $1,800,-000 face amount of 5½ per cent coupon bonds, interest payable semiannually. The petitioner and respondent, hereinafter referred to as Mitchell, bought 25 $1,000 bonds. Twenty-five coupons of the amount of $687.50, attached to Mitchell's bonds became due and payable on May 1, 1941; 25 more in the face amount of $687.50, became due and payable on November 1, 1941; 25 more in the face amount of $687.50, became due and payable on May 1, 1942, and 25 more in the face amount of $687.50, became due and payable November 1, 1942. Mitchell was outside of the United States, working for the United States government as an engineer, during the times just mentioned, but he returned to the United States in 1945. In 1947, after his return to this country, and after the statute of limitations had expired, Mitchell presented the coupons for payment and such was refused by J. M. Lowery, the Auditor of the County of Los Angeles, and ex officio the auditor of the District. The coupons were again presented for payment, with the same result as before.

On August 11, 1954, Mitchell, acting through his attorney, appeared before the board of directors of the District and requested the District to direct its counsel to waive the defense

of the statute of limitations if and when the answer would be filed to a complaint about to be filed on behalf of Mitchell for recovery of the face value of the subject bond coupons.

The reasons given by the attorney for Mitchell for such request were presented in a forthright manner, which in substance were that Mitchell had been out of the country during the war years; that the District had collected the taxes for the payment of the obligation and that the money was on hand to pay such; that the board of directors could not very well return the money to the individual tax payers who had paid such amounts into the District and hence the District was in the position of having collected the money to pay the obligations and then not paying them. The attorney further explained that the District did not have to pay the obligation and that it could assert the statute of limitations; that, however, the only way he could get the auditor to honor the obligation would be to reduce it to a judgment and if an action were brought to secure such a judgment, counsel for the District would, in all probability, plead the statute of limitations, which was a defense to the action. The board of directors was then told by the attorney for Mitchell that it could waive the statute of limitations and if the board wanted to honor the obligation, it could instruct its counsel to waive the defense and not assert it.

The attorney for Mitchell had never seen nor heard of any of the members of the board of directors, or the attorney for the District, before the public meeting at which the presentation or request was made, and had never discussed the matter with any member of the board individually, or at all, excepting in the open public session. At a later meeting of the board of directors, after the action in the municipal court had been filed, substantially the same matter was related to the board of directors by the attorney for Mitchell, in an open public meeting and not otherwise.

The directors expressed a desire to pay what appeared to them to be a just and existing legal obligation of the District. Counsel for the District expressed the opinion to the board that, "it is apparently within the power of the Board of Directors to waive the Statute of Limitations as a defense in such an instance, but that, unless the attorney for the District was instructed by this Board of Directors [not] to do so, the attorneys would answer and plead as a complete defense the Statute of Limitations in the event suit was filed for payment of the bond coupons."

The board thereupon instructed its counsel to waive the statute of limitations.

On September 14, 1954, a complaint was filed in the municipal court, Los Angeles District, for recovery of the amounts represented by the coupons. The plaintiff in that action is the petitioner here, and the defendant is the County Sanitation District Number One. The auditor was not joined as a party in the municipal court action. The board of directors was requested by its attorney to reconsider its prior decision to waive the statute of limitations and on January 12, 1955, the board of directors reaffirmed its prior decision. Later the answer of the District was filed wherein, among other things, it was specifically set out ''that on August 11, 1954, the Board of Directors of County Sanitation District Number 1 of Los Angeles County instructed its attorney to waive the defense of the statute of limitations in the event suit was filed by plaintiff herein; a true and correct copy of said resolution is attached hereto and by reference incorporated herein as a part hereof as Exhibit 'A.' '' The District prayed that ''the court grant such relief to the plaintiff as may seem just and proper in the premises.''

On February 3, 1955, Mitchell moved for a summary judgment. The attorney for the District was in court at the time of the hearing and advised the judge of the court that the District had intentionally waived the statute of limitations as set forth in the answer. The judgment was granted and the judgment itself contains a recital that the statute of limitations was waived.

The judgment was entered and became final and thereafter Mitchell made a demand upon the auditor for payment of the coupons from the funds of the District. The auditor refused and Mitchell sought a writ of mandate to compel the auditor to pay the amount of the municipal court judgment. The writ of mandate issued and the auditor has appealed from the judgment granting such writ.

The appellant auditor asserts that the board of directors lacks the legal power, under the circumstances of this case, to waive the defense of the statute of limitations and that the judgment in the municipal court action is subject either to direct attack or to collaterial attack in this proceeding.

The stipulation as to the facts indicates that the municipal court had jurisdiction over the subject matter. The amount was within the jurisdiction of that court, the action was upon a contract made and payable in Los Angeles county, and all

parties were properly served and appeared in the action. In the municipal court there were no proceedings for a new trial, no request for relief under section 473, Code of Civil Procedure, and no appeal was taken from the judgment. There is no contention in this, or in any other proceeding having to do with the matter, that there was any fraud whatsoever.

■ We are of the opinion that the writ was properly granted. ■ In this state the rule is that the statute of limitations operates on the remedy and does not extinguish the right. (*Wells, Fargo & Co.* v. *Enright,* 127 Cal. 669 [60 P. 439, 49 L.R.A. 647] ; *Spect* v. *Spect,* 88 Cal. 437 [26 P. 203, 22 Am.St.Rep. 314, 13 L.R.A. 137] ; *McCormick* v. *Brown,* 36 Cal. 180 [95 Am.Dec. 170] ; *Mitchell* v. *Automobile etc. Underwriters,* 19 Cal.2d 1 [118 P.2d 815, 137 A.L.R. 923] ; *Western Coal & Mining Co.* v. *Jones,* 27 Cal.2d 819 [167 P.2d 719, 164 A.L.R. 685].)

■ Unlike some other states, California has adhered to the rule that the expiration of the statutory period within which an action can be commenced does not extinguish the debtor's obligation.

In the very early case of *Hewel* v. *Hogin,* 3 Cal.App. 248 [84 P. 1002], the court said, among other things (at pages 252-253) :

"It was urged in the petition for rehearing that the facts pleaded and proven show that a number of the interest coupons became due and payable more than four years before the action was commenced, and it is argued that defendant as a public officer was bound to refuse payment as to such coupons. In other words, it is said that under the facts it was not defendant's duty, specially enjoined by law, to pay the 'outlawed' coupons. As a conclusion from his premise and argument, counsel for appellant earnestly insists that in a proceeding of this kind against an officer of a municipal corporation, the bar of the statute of limitations is always an issue whether it is pleaded or not. At the outset, we were impressed by the plausible and able argument of counsel in support of his position, but careful analysis and research have convinced us that the rule is, and should be, the other way. For many years, able lawyers in this state and elsewhere contended that a municipal corporation held its funds as a trustee for those having demands, for the payment of which the money was provided, and that it could not plead the statute of limitations against a person having a claim which was payable out of such funds. It was argued that a municipal corporation, like

a bank, was simply the custodian of special funds, holding the same for the benefit of those who were or might be entitled thereto.

" . . . we understand the rule to be that the defense of the statute of limitations is a privilege personal to the debtor, and that a municipal corporation, in common with other debtors, may waive or avail itself of such defense in any legal proceeding. (Code Civ. Proc., §§ 1089, 1091; *Bates* v. *Gregory,* 89 Cal. 398 [26 P. 891], . . . ; *Underhill* v. *Trustees,* 17 Cal. 178; *Barnes* v. *Glide,* 117 Cal. 8 [48 P. 804, 59 Am.St.Rep. 153], . . .) . . . Our attention has not been directed to any statute forbidding payment of such demands after the bar of the statute has intervened, and as all municipal corporations and bodies act through public officers, it follows that, unless the statute of limitations is set up by demurrer or answer, in this or any other legal proceeding against a public officer, the defense must be deemed waived."

There is an exception to the rule that the statute is waived unless pleaded in the matter of claims against estates (Prob. Code, § 708), but we are not here confronted with a situation which in any wise involves such a proceeding, and no useful purpose would be served by further referring to the exception.

█ Suffice it to say that we understand the rule to be that the defense of the statute of limitations, even as to a public body, is waived unless the question or defense is raised by demurrer or answer. (*Sheeter* v. *Lifur,* 113 Cal.App.2d 729, 739 [249 P.2d 336]; *Bliss* v. *Sneath,* 119 Cal. 526, 528 [51 P. 848]; *Hewel* v. *Hogin, supra,* 3 Cal.App. 248, 253; *Grattan* v. *Wiggins,* 23 Cal. 16; *Barber* v. *Mulford,* 117 Cal. 356 [49 P. 206]; *Kelley* v. *Kriess,* 68 Cal. 210 [9 P. 129]; *Bates* v. *Gregory,* 89 Cal. 387 [26 P. 891]; *Gilbert* v. *Sleeper,* 71 Cal. 290 [12 P. 172].)

█ As we view it, the District determined properly that it wanted to honor and pay its legitimate debts if it could possibly be done. The attorney for the District advised the judge of the municipal court at the time of the hearing of the desires of the District. The auditor admits that if, through inadvertence or neglect, counsel for the District had not set up the statute of limitations as a defense, that then and in such event, the judgment would be good and valid. In other words, it is his contention that the District can do something indirectly through inadvertence or neglect, but that it cannot do the same thing consciously and affirmatively.

Counsel for the auditor has cited us to no California cases

which support his basic position, but has pointed to two Oklahoma cases, *Nordman* v. *School Dist. No. 43 of Choctaw County*, 190 Okla. 135 [121 P.2d 290] and *Lowden* v. *Stephens County Excise Board*, 191 Okla. 5 [126 P.2d 1023], which appear to be in conformity with his view. A complete answer to the cases cited is that they are not the law of California. The dissenting opinion in the Nordman case recognizes the rule in California as set forth in the Hewel case, and the dissenter states (at page 294): "Like other municipal corporations, rules of pleading and practice ordinarily obtaining in civil actions apply to them, in the absence of statutes providing otherwise (we have no such statute pertaining to defense of limitations), and like other litigants, municipal corporations must plead affirmative defenses, such as the statute of limitations, otherwise they will be considered waived. (Citing cases.)"

The auditor has also cited us to the case of *Hicks* v. *Fox*, 190 Tenn. 82 [228 S.W.2d 68], to the point that the district does not have the power to waive the statute of limitations. The very language of the case demonstrates that it is not in point here, for it is said (page 69 [228 S.W.2d]): "In the absence of statutory authority a former liability of a county *extinguished* by the bar of the Statute of Limitations is no debt." (Emphasis added.) As heretofore pointed out, California law is and has been that the debt is not extinguished by the *lapse* of time.

■■ The auditor further claims that if the District were permitted to waive or assert the defense of the statute of limitations, it would be in violation of the United States Constitution, 14th Amendment. He also asserts that under the California Constitution, section 31, article IV, to waive the statute would constitute a gift of "a thing of value." We do not believe there is any merit to either contention. The latter was settled in *Bickerdike* v. *State*, 144 Cal. 681 [78 P. 270].

■ Regarding the auditor's assertion that the judgment in the municipal court is subject either to direct attack or collateral attack in this proceeding, he cites in support of such contention *Hill* v. *City Cab etc. Co.*, 79 Cal. 188 [21 P. 728], *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93, 95]; *Kane & Co.* v. *Independent School-Dist. of Rock Rapids*, 82 Iowa 5 [47 N.W. 1076], and *Wuest* v. *Wuest*, 53 Cal.App.2d 339 [127 P.2d 934]. In our opinion, the facts in each of the cases cited are in no wise similar to the facts in the case at hand.

In the case of *Gray* v. *Hall*, 203 Cal. 306 [265 P. 246], there was entered a default judgment ordering the defendant to execute certain transfers to the plaintiff, and in the event he failed to do so, the clerk was directed to do so. The defendant and the clerk refused to comply with the order, the clerk contending that the judgment was void on its face. The plaintiff sued for a writ of mandate which the superior court denied. The Supreme Court reversed the judgment and issued a writ of mandate requiring the clerk to comply with the judgment, and in so deciding said, among other things (at pages 313-317):

"Notwithstanding that it was error for the trial court to enter the default of Yarbrough in the original case, the judgment thereafter entered is not subject to collateral attack in this *mandamus* proceeding. It is not void on its face. Whether or not the defendant Yarbrough should have been permitted to answer was a question of law necessarily involved in the original case, and there can be no doubt that it was within the jurisdiction of the superior court to decide that question. The judgment rendered there is in full force and effect, for it was not appealed and has not been vacated or set aside. The decision of the court was final and cannot be reviewed on appeal, for there is now no appeal. Nor will a review be permitted upon this application for a writ of mandate. Assuming that *mandamus* is a remedy open to the petitioner, there is nothing in the law relating to such a proceeding to indicate that the respondent may avail himself of the position, which he now takes, to review the decision of the court in the original action upon a question of law which does not involve the jurisdiction or powers of the court to act in the matter. If the court had determined in the original action that the answer of the defendant there was sufficient, or had refused to enter his default for not answering, the respondent would not now be contending that the court had no jurisdiction to so decide. It is fundamental that it had jurisdiction to decide the matter either way. Jurisdiction in cases of this character implies the power of the court to decide a question wrongly as well as rightly. It was not necessary for us to determine in this proceeding whether the ruling of the court in the original action was correct or not.

" . . . Jurisdiction is but the power to hear and determine, and it does not depend upon the correctness of the decision made. (Citing cases.) The court having acquired jurisdiction of the subject matter and of the parties, its judgment is not

void for the mere erroneous decision on a question of law, however important that question may have been in contemplation of the rights of the parties in the original action. A judgment is never absolutely void if the court had jurisdiction of the subject matter and the person of the defendant, no matter how erroneous it may be. (Citing cases.) The manner of exercising its jurisdiction cannot make void the action of the court. (Citing case.) Neither will such judgment be in the least affected because its impotency appears from the judgment-roll. (Citing cases.) In 1 Freeman on Judgments, fifth edition, paragraph 360, the author says: 'The character and scope of the issue upon collateral attack have already been defined. Jurisdiction appears to be the keynote of every such controversy. Efforts to avoid the judgment must be directed to proving a want of power in the court rendering it. Upon this point the cases are clear. . . .

. . . . . . . . . . . . .

" . . . But it is a fundamental principle, everywhere prevailing, that where a court has jurisdiction of the person of the parties and the subject matter of the controversy submitted to it by them, its judgment thereon cannot be impeached collaterally or otherwise than by some form of direct attack, although it may appear on the face of the record that error was committed by the court in determining the question. (Citing cases.) If it were the rule that judgment in every case in which it appeared on the face of the record that error was committed by the court rendering it is subject to collateral attack the doctrine of the finality of judgments would become a myth."

In the case of *Travis County* v. *Matthews,* (Tex.Civ.App.) 235 S.W.2d 691, Judge Matthews sued the county for added compensation claimed to be due to him. The judgment in the trial court was in favor of Matthews. The statute of limitations was for all intents waived during the trial. The county appealed, and while the appeal was pending the county commissioners satisfied the judgment by payment. The appeal was dismissed as being moot. The county then sued the court commissioners and their bondsmen, contending that the county should recover in any event, the money paid to Matthews, which was barred by the statute of limitations. The court said (at pages 696, 697, 698): "The final judgment of a district court is just as decisive and just as enforceable as a final judgment of the Supreme Court. The question is then: Should the acceptance of this District Court judgment by Travis

County furnish any evidence of fraud, bad faith, or impure motives on the part of the Commissioners' Court? If so, then a similar taint of fraud would attach to a great majority of district court judgments because only a small per cent of them are appealed.

"There is no statute which requires a county to appeal from an adverse judgment. The question of whether to appeal involved a matter of discretion. . . .

. . . . . . . . . . . . .

"It is quite true that a major portion of the amount sued for by Judge Matthews in the former suit was barred by limitation. (Citation.) In spite of the plea of limitations in such suit the trial court rendered judgment for Judge Matthews. This judgment must have been based upon a finding that Travis County had waived or abandoned the plea of limitations because appellant alleges in this suit that the Commissioners' Court and its members 'were under a legal duty to assert all available legal defenses on behalf of Travis County in said cause No. 82,254, including the defense of the statute of limitations, and they had no right or authority to waive said statute of limitations, and any waiver or attempted waiver on their part was illegal and of no effect.'

"We need not determine and we do not determine whether or not a county may waive the statute of limitations. All that we need determine is whether the Commissioners' Court in accepting the judgment of the District Court that limitations could be waived by the county was acting with impure motives and in bad faith.

"The judgment of the District Court, in this respect, was not patently wrong. It was not such a judgment as to shock the conscience of a layman, nor even to disturb the aplomb of those learned in the law.

"It would be an odd conscience indeed which would be outraged by the payment of a just debt which was uncollectible simply by reason of the lapse of time.

. . . . . . . . . . . . .

"The principal argument of appellant is based, by analogy, on the rule which requires a representative of a decedent's estate to plead limitations. The reason for this rule was stated long ago by Chief Justice Hemphill: 'That, as a general rule, administrators must avail themselves of the statute, where the demand is barred by limitation, is admitted. It has been recognized and adopted by this court; and administrators would, if they transcend the rule, subject themselves to personal lia-

bility. But this rule, as most other general principles, has its exceptions. It is based on sound policy. Administrators, generally, cannot know with certainty, whether a demand against the deceased has been paid or not. This is especially the case where the demand has become stale or obnoxious to the laws of limitation, from the lapse of time. As a matter of policy, then, and as one very beneficial to estates, administrators are required to set up the statute, in cases to which it applies.' *Estes* v. *Browning,* 11 Tex. 237 [60 Am.Dec. 238].

"It would seem very incongruous to apply this reasoning to a county which never dies and whose business is reflected by official records open to public inspection.

"On the other side of the ledger we find that the State may waive limitations. (Citing case.) A school district may waive limitations. (Citing case.) The Supreme Court did not question the power of a city to waive limitations in *City of Houston* v. *Jankowskie,* 76 Tex. 368 [13 S.W. 269, 18 Am.St.Rep. 57], . . . See also *City of Tyler* v. *L. L. Jester & Co.,* (Tex.Civ. App.) 74 S.W. 359, . . ."

It is difficult to see how or in what manner the District was imposed upon in the present case. Certainly the just and proper thing was to pay the legitimate debts of the District. The money was collected for the very purpose of paying the coupons in question and was available for payment.

We believe, under the circumstances of this case, that it was proper for the governmental agency to waive the statute of limitations.

Judgment affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1957.