[Civ. No. 19911. First Dist., Div. Two. Apr. 16, 1962.]

THOMAS CARRICK et al., Plaintiffs and Appellants, v. CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and Respondents.

§

Molly H. Minudri for Plaintiffs and Appellants.

Dion R. Holm, City Attorney, and Norman Sanford Wolff, Deputy City Attorney, for Defendants and Respondents.

SHOEMAKER, J.—Plaintiffs Thomas Carrick, Thomas Daly, and Maude Bessey, as the surviving widow of Harry Bessey, brought this action to obtain a judicial declaration that all three men had been improperly retired, under the Charter of the City and County of San Francisco, as miscellaneous employees rather than as members of the fire department; also, that they were entitled to a refund of all sums deducted from their salaries for pension purposes.

Thomas Carrick, Thomas Daly, and Harry Bessey were all employed by the San Francisco fire department as marine engineers to serve aboard fireboats; Carrick being employed in 1909 at the age of 33; Daly in 1913 at the age of 34; and Bessey in 1923 at the age of 33. Although all applied for admission to the Firemen's Relief Fund (now embodied in § 169 of the city and county charter), they were denied admission, and their retirement benefits accrued under section 165 of the charter as miscellaneous employees. Under section 165, certain sums were regularly deducted from their salaries for pension purposes. The three men were all ultimately retired and pensioned; Carrick on April 1, 1947, pursuant to section 165; Daly on July 1, 1948, pursuant to section 165.2; and Bessey on July 15, 1950, pursuant to section 171.1.2.

In 1953, George Harrison, a fireboat pilot, and William Thielmeyer, a marine engineer, applied to the Retirement Board of the City and County of San Francisco for inclusion in the retirement system under section 169. After various proceedings, on April 10, 1957, the board placed Harrison and Thielmeyer under section 169 and ordered the Controller of the City and County of San Francisco to restore to them all sums which had been deducted from their salaries for pension purposes.

Plaintiffs, upon learning of the board's ruling in favor of Harrison and Thielmeyer, made formal demand of the board on February 11, 1958, to be similarly included under section 169. The board, after conducting hearings, denied plaintiffs' request on April 1, 1959. Rehearing was denied on April 29, 1959.

Plaintiffs then commenced the present action on August 18, 1959. After a trial without jury, the court entered judgment in favor of defendants, finding that plaintiffs were specifically excluded from section 169 by a provision of the city and

county charter; that the action of the retirement board in regard to Harrison and Thielmeyer was not controlling of plaintiffs' rights; and further, that any claim of refund was barred under Code of Civil Procedure, section 338, subdivision 1. From this judgment plaintiffs now appeal.

Appellants first contend that the trial court erred in finding that the city charter expressly excluded marine engineers from inclusion under section 169. Appellants argue that pension statutes must be liberally construed, and that any doubt or ambiguity must be resolved in favor of the applicant. (See *Lesem v. Board of Retirement* (1960) 183 Cal.App.2d 289 [6 Cal.Rptr. 608]; *Wendland v. City of Alameda* (1956) 46 Cal.2d 786 [298 P.2d 863].) Appellants further contend that since marine engineers are required to wear the same uniforms and perform similar duties as other firemen and are also subject to the charter provisions governing the wages and working conditions of firemen, it would be inconsistent to exclude them from the retirement benefits available to other members of the fire department.

In order to determine the validity of these arguments, it becomes necessary to review certain provisions of the city and county charter, both as originally enacted and as subsequently modified. At the time of Carrick's appointment as a marine engineer in 1909, the old charter, in effect since January 8, 1900, provided as follows for members of the fire department: "All persons appointed to positions in the Department must . . . be . . . not less than twenty-one nor more than thirty-five years of age, . . . must pass a medical examination under such rules and regulations as may be prescribed by the Commissioners, and must, upon such examination, be found in sound bodily health. . . ." (Charter of the City and County of San Francisco, art. IX, ch. I, § 6.) Prior to the appointment of Daly and Bessey in 1913 and 1923 respectively, the old charter was amended in 1910, and approved by the Legislature on February 17, 1911 (Stats. 1911, p. 1661). The following proviso was added to the section above quoted: "[P]rovided, however, that the age limit herein prescribed shall not apply to engineers and pilots of fireboats, . . . but the age of such persons in this proviso named shall, at the time of their appointment, be not less than twenty-one nor more than fifty-five years; and, *provided further,* that employees and appointees in this proviso named shall not be subject to nor derive any benefit from the provisions of Chapter VII of this Article relating to Firemen's Relief

Fund." Effective January 8, 1932, a new city and county charter was enacted. Pursuant to section 162 of this new charter, "members of the fire department" were defined in the following manner: "For the purposes of the retirement system, any officer or employee of the police or the fire departments whose employment therein began prior to January 1, 1900, or whose employment therein began on or shall begin after that date and was or shall be subject to a charter maximum age at the time of employment of not over thirty-five years, shall be considered to be a member of the police department or the fire department, respectively." Section 169, which sets forth the retirement benefits of members of the fire department, and section 165, which provides for the retirement of "miscellaneous employees," were similarly enacted, effective January 8, 1932. Section 169 was expressly made applicable only to those persons who were "members of the fire department on the 8th day of January, 1932," in accordance with the definition set forth in section 162. Section 165 was to apply to all "Officers and employees of the city and county, except members of the police and the fire departments. . . ."

Appellants urge that the intent of these provisions is to exclude from section 169 only those men who were over the age of 35 at the time of their employment as marine engineers with the fire department, and since Carrick, Daly and Bessey were all under the age of 35 at the time of their respective appointments, they must be deemed employees of the fire department whose employment began after 1900, who were subject to a charter maximum age of not over 35 at the time of their employment. From this premise the argument proceeds that the three men thus fall within the definition of fire department members under section 162 and were entitled to coverage under section 169.

Respondents, on the other hand, contend that section 162 was intended to exclude from section 169 coverage all employees of the fire department who, whatever their age at the time of employment, were exempted from any need to meet the age requirement applicable to regular members of the fire department. Respondents direct this court's attention to the wording of section 162 that only those employees who were "subject to a charter maximum age at the time of employment" shall be considered members of the fire department for the purposes of the retirement system. Respondents maintain that the old charter specifically exempted marine engineers from the 35-year age requirement and extended

their eligibility through age 55; hence appellants cannot be deemed "subject to" a charter maximum age of 35 at the time of their appointment merely because each of them was in fact under 35 when employed.

An examination of the relevant charter sections indicates that the correct interpretation is that contended for by respondents and followed by the trial court. Although pension statutes must be liberally construed, the courts may not ignore language which expressly delineates between those persons who shall and shall not be eligible for a particular pension plan. Had the authors of section 162 intended to extend section 169 coverage to all those marine engineers who were in fact under the age of 35 at the time of their employment, they could have done so. Instead, section 162 is expressly limited in its definition of fire department members to those persons who were employed "subject to a charter maximum age" of 35. Appellants' contention that marine engineers must be included under section 169 because they wear uniforms and serve on assigned watches is without merit. Although marine engineers might properly be classified as members of the fire department for many purposes, they are not such for retirement purposes in view of the express wording of section 162.

Appellants seriously contend that the trial court was not entitled to arrive at its own interpretation of the relevant charter provisions but was bound by the retirement board's determination in regard to Harrison and Thielmeyer. They maintain that since Carrick, Daly and Bessey were all employed in the same position, under the same working conditions, and subject to the same rules and regulations as was Thielmeyer, the board was not entitled to exclude them from section 169. Appellants are in effect contending that an administrative body which makes an erroneous decision as to a given set of facts must perpetuate that error whenever it is again presented with an identical fact situation. Such a contention was expressly rejected in *Weiss* v. *State Board of Equalization* (1953) 40 Cal.2d 772 [256 P.2d 1]. The plaintiffs there contended that they were entitled to a liquor license in the vicinity of a school because other liquor licenses had in the past been granted in the same area. The court stated: "[P]laintiffs' argument comes down to the contention that because the board may have erroneously granted licenses to be used near the school in the past it must continue its error and grant plaintiffs' application. That problem has been dis-

cussed: 'Not only does due process permit omission of reasoned administrative opinions but it probably also permits substantial deviation from the principle of stare decisis. Like courts, agencies may overrule prior decisions or practices and may initiate new policy or law through adjudication.' '' (P. 776.) Just as the board itself was not bound by its prior decision in regard to Thielmeyer and Harrison, neither was the trial court to any extent excluded from arriving at an independent analysis of the relevant charter provisions. As pointed out by the court in *Hoyt* v. *Board of Civil Service Comrs.* (1942) 21 Cal.2d 399, 407 [132 P.2d 804]: ''Decisions in this state and elsewhere have recognized that, although the courts will ordinarily follow a contemporaneous administrative construction of a statute which is reasonably susceptible of more than one interpretation, such a construction cannot be followed where it is clearly erroneous. [Citations.] ''

We concur in the trial court's conclusion that section 162 of the charter was intended to exclude from section 169 benefits all marine engineers who were not required to meet the 35-year age limitation prescribed for regular members of the fire department.

In applying this interpretation of section 162 to the three appellants in the case at bar, it is evident that the judgment against Daly and Bessey was proper. Both men were employed as marine engineers after the 1910 amendment to article IX, chapter I, section 6, of the old charter had already become effective (Daly having been appointed in 1913, and Bessey in 1923). Pursuant to this amendment, marine engineers were specifically relieved from any obligation to comply with the 35-year age requirement, and further, were expressly excluded from any benefits under the Firemen's Relief Fund (Stats. 1911, p. 1661, *supra*).

As to Carrick, however, an entirely different situation is presented. At the time of Carrick's appointment, in 1909, the old charter amendment relieving marine engineers from the 35-year age requirement had not yet been enacted. The old charter then provided that ''All persons appointed to positions in the Department'' must be not more than 35 and must pass a medical examination and be found in sound bodily health. (See art. IX, ch. I, § 6, *supra*.) Since it must be presumed that Carrick was obliged to comply with these requirements in order to receive his appointment in 1909, it would thus follow that he fell within the section 162 definition of

fire department members for purposes of the retirement system. Carrick's employment was after 1900, and he was, at the time of his employment, "subject to a charter maximum age" of 35.

Under these circumstances, that portion of the judgment affecting appellant Carrick may not be upheld on the ground that he was not entitled, under the new charter, to be included within section 169 as a member of the fire department. However, there remains for determination the question as to whether or not his right to seek a reclassification was barred by the statute of limitations under Code of Civil Procedure, section 338, subdivision 1. Pursuant to that section, any action "upon a liability created by statute, other than a penalty or forfeiture" must be brought within three years.

Carrick's complaint seeks to recover the amounts wrongfully deducted from his salary during the years of his employment, and his reclassification under section 169. However, an examination of the pleadings, record and exhibits fails to reveal the amount of the pension which appellant is currently receiving or whether this pension is lower than that to which he would be entitled under section 169. For the purposes of this appeal, however, we will assume that he is seeking both a refund of the amounts erroneously deducted and a reclassification which would result in higher monthly payments.

Appellant Carrick first contends that the statute of limitations is an affirmative defense which is deemed waived unless raised by demurrer or answer. (*Mitchell* v. *County Sanitation Dist.* (1957) 150 Cal.App.2d 366, 371 [309 P.2d 930].) We pass this argument in view of the fact that respondents did raise the statute of limitations in their answer, citing the precise code section.

Appellant next urges that the burden was on respondents to produce affirmative evidence showing that appellant was barred by the statute of limitations; that respondents failed to do so, therefore the trial court's finding that appellant's action was barred was without evidentiary support and must be reversed. From the complaint itself and from the exhibits offered into evidence at the trial, it appears that appellant Carrick was retired and pensioned under section 165 on April 1, 1947; that appellant made no demand upon the retirement board until February 11, 1958; and that the instant action was not commenced until August 18, 1959. All the relevant facts necessary to a decision on the statute of limitations defense were before the court, and there was no

need for respondents to offer any additional evidence on that issue.

Carrick contends that his right to bring an action for inclusion under section 169 and for a refund did not arise until April 10, 1957, when the retirement board ordered Harrison and Thielmeyer placed under the provisions of section 169. We do not agree. Appellant's rights were in no way dependent upon the board's determination in an entirely separate proceeding. Although it may be true that the board's action in regard to Harrison and Thielmeyer provided appellant with the incentive to commence an action of his own, he was clearly under no disability to initiate such a proceeding many years earlier.

The uncontradicted evidence establishes that appellant Carrick was retired and pensioned in 1947, but that his first demand on the retirement board was not made until 1958. This fact alone provides sufficient support that the statute of limitations barred appellant from seeking a refund of the sums deducted from his salary. Appellant's right to bring such an action must certainly have arisen at the time the sums were deducted. Yet he made no demand upon the retirement board or initiated any other proceedings until more than 10 years had elapsed after he retired, and the last sum was deducted from his salary. We have no doubt that the applicable period of limitation set forth in Code of Civil Procedure, section 338, subdivision 1, had expired as to any right of refund.

As to appellant's right to be reclassified and to recover the difference, if any, between the pension he received under section 165 and that to which he was entitled under section 169, the reasoning in *Carey* v. *Retirement Board* (1955) 131 Cal.App.2d 739 [281 P.2d 25], controls. In that case, the widow of a deceased fireman sought a writ of mandate to compel the Retirement Board of the City and County of San Francisco to pay her a widow's pension pursuant to section 169, rather than 168.3. Petitioner had been receiving certain benefits under the latter section but sought reclassification in order to obtain a larger sum. The trial court found that she was not entitled to coverage under section 169 and further concluded that her cause of action was barred by the statute of limitations, since her husband had died in 1948 and she had not commenced her suit until 1952. On appeal, both findings were affirmed, with the court stating: ''The trial court also decided that the cause of action, if any had

existed, would have been barred by section 338 of the Code of Civil Procedure. . . . It is true that *Dryden* v. *Board of Pension Comrs.*, 6 Cal.2d 575 [59 P.2d 104], held that the right to a pension is a continuing right, and that the only installments of the pension which were barred were those which fell due three years before the filing of the action. However, where the right to a pension is denied, then the case of *Dillon* v. *Board of Pension Comrs.*, 18 Cal.2d 427 [116 P.2d 37, 136 A.L.R. 800], is applicable. In that case after denial of the pension the widow waited more than three years before filing her petition for a writ of mandamus. It was there held that the limitation on the right to bring an action in mandamus begins to run when the right first accrues, and claimant has no remedy by mandamus if more than three years have elapsed from the time the right first arose, exclusive of the time the matter was under consideration by the board.'' (Pp. 746-747.)

Carrick's cause of action accrued at the date of his retirement; it necessarily follows that his present action is barred by the statute of limitations.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.