TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-407 |
| of | : | |
| | : | October 3, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JAMES C. BRAZELTON, DISTRICT ATTORNEY, STANISLAUS COUNTY, has requested an opinion on the following question:

Does a district attorney who provides child support enforcement services for recipients of welfare benefits have discretion to accept less than the total amount of assigned support due from a noncustodial parent in exchange for a release of a real property lien?

CONCLUSION

A district attorney who provides child support enforcement services for recipients of welfare benefits has discretion to accept less than the total amount of assigned support due from a noncustodial parent in exchange for a release of a real property lien if such partial payment and release will further the purposes of the child support enforcement laws.

ANALYSIS

The federal Temporary Assistance to Needy Families program (42 U.S.C. § 601 et seq.) has as one of its components the enforcement of child support obligations owed by noncustodial parents (42 U.S.C. § 651 et seq.). In California the Department of Social Services ("Department") is charged with administering the federal program at the state level (Welf. & Inst. Code, § 11475), **Footnote No. 1** and it in turn oversees district attorneys in each county enforcing child support obligations at the local level. Subdivision (a) of section 11475.1 states:

"Each county shall maintain a single organizational unit located in the office of the district attorney which shall have the responsibility for promptly and effectively establishing, modifying, and enforcing child support obligations, including medical support, enforcing spousal support orders established by a court of competent jurisdiction, and determining paternity in the case of a child born out of wedlock. The district attorney shall take appropriate action, both civil and criminal, to establish, modify, and enforce child support and, when appropriate, enforce spousal support orders when the child is receiving public assistance, including Medi-Cal, and

spousal support orders when the child is receiving public assistance, including Medi-Cal, and, when appropriate, may take the same actions on behalf of a child who is not receiving public assistance, including Medi-Cal."

As a condition of receiving welfare benefits, recipients must assign their child support rights to the county providing the welfare benefits. The child support rights that are assigned become a debt owed to the county. When a child support payment is collected from the noncustodial parent, it is repaid to the local, state, and federal governments in the same proportion as each entity shared in the funding of the welfare benefits. Section 11477 states in part:

"As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall:

"(a) Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law. An assignment of support rights to the county shall also constitute an assignment to the state. If support rights are assigned pursuant to this subdivision, the assignee may become an assignee of record by the district attorney or other public official filing with the court clerk an affidavit showing that an assignment has been made or that there has been assignment by operation of law. . . ." (See 45 C.F.R. §§ 302.32, 302.51-302.54; see also 45 C.F.R. §§ 232.11, 232.20.)

The question presented for resolution concerns the release of a real property lien obtained by a district attorney against the property of a noncustodial parent. The purpose of the lien is to collect the child support debt owed to the county that has been assigned by a welfare benefits recipient. Does a district attorney have discretion to release the lien in return for payment of an amount that is less than the total amount of child support owed by the noncustodial parent? We conclude that a district attorney has such discretion if to do so serves the purposes of the child support enforcement laws.

First, we note that federal law does not address the issue of the release of real property liens in the described circumstances. Nothing in federal law may be said to preclude the exercise of discretion by a district attorney as contemplated in the present inquiry.

As for state law, subdivision (a) of section 11475.1 authorizes a district attorney to "take appropriate action . . . to . . . enforce child support." We view this grant of authority as allowing the exercise of discretion in pursuing a range of available remedies, not mandating a particular course of action.

Moreover, Code of Civil Procedure section 697.320 authorizes a district attorney, as the assignee of the welfare benefits recipient, to obtain a lien on the real property of the noncustodial parent for the amount of the child support obligation. (See also Code of Civ. Proc., §§ 695.010, 697.060.) The release or subordination of the lien is governed by Code of Civil Procedure section 697.370, which provides:

"(a) The judgment creditor may do either of the following:

"(1) Release from the judgment lien all or a part of the real property subject to the lien.

"(2) Subordinate to another lien or encumbrance the judgment lien on all or a part of the real property subject to the lien.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Under the terms of Code of Civil Procedure section 697.370, the holder of a real property lien has the discretion to release or subordinate the lien.

Nevertheless, it has been suggested that if the release or subordination of the real property lien is given in return for less than the full amount owed to the county, the district attorney would violate the "gift clause" of the Constitution. Section 6 of article XVI of the Constitution specifies that the Legislature shall have no "power to make any gift or authorize the making of any gift, of any public money or thing of value to any individual . . . ."

We reject the suggestion for a number of reasons. It is now well settled that the constitutional "gift clause" is not violated where there is a "direct and substantial public purpose" served and the benefit to private individuals or organizations is only incidental to the public purpose. As stated in *California Housing Finance Authority* v. *Elliot* (1976) 17 Cal.3d 575, 583:

". . . Under the public purpose doctrine, public credit may be extended and public funds disbursed if a direct and substantial public purpose is served and nonstate entities are benefited only as an incident to the public purpose. [Citations.] `. . . [T]he benefit to the state from an expenditure is in the nature of consideration and the funds expended are therefore not a gift even though private persons are benefited therefrom.' [Citation.] . . ."

The expenditure of public funds has been upheld under the public purpose doctrine in a variety of situations. (See, e.g., *Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 690-691; *California Emp. etc. Com.* v. *Payne* (1947) 31 Cal.2d 210, 216-217; *County of Los Angeles* v. *La Fuente* (1942) 20 Cal.2d 870, 876-878; *County of Alameda* v. *Janssen* (1940) 16 Cal.2d 276, 280-284; *Bickerdike* v. *State* (1904) 144 Cal. 681, 692; *Paramount Unified School Dist.* v. *Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371, 1388-1389); *Mitchell* v. *County Sanitation Dist.* (1957) 150 Cal.App.2d 366, 372.)

We believe that a district attorney may reasonably conclude that the release of a real property lien for less than the full amount owed by the noncustodial parent may further the public purposes of the child support enforcement laws, depending upon the particular circumstances. Factors to be considered would be (1) the type of transaction, whether a sale, refinancing, or other transfer of interest, (2) the equity of the noncustodial parent in the realty, (3) other assets and income available to satisfy the debt, and (4) the ability to obtain a loan to satisfy the debt. Furthermore, the circumstances may be such that partial payment may be all the district attorney reasonably could expect to recover, especially in light of the enforcement costs involved. (Cf., *County of Alameda* v. *Janssen*, *supra*, 19 Cal.2d at 285.)

For example, the noncustodial parent's property may be declining in value. Postponing the sale may result in foreclosure, where the district attorney would receive little, if anything, in satisfaction of the debt owed to the county. The receipt of partial payment rather than the loss of the security interest due to a foreclosure would serve the purposes of the child support enforcement laws.

More importantly, release of the real property lien would not result in a satisfaction, compromise, or settlement of the total amount due from the noncustodial parent. Whatever sum is not paid would remain payable from other assets and through other means of collection. All that the release would accomplish for the noncustodial parent would be to clear the title of the particular property for the specific transaction. The district attorney may still effectuate collection of the remainder of the debt by pursuing a wage assignment, tax refund payment, unemployment or disability benefit, license revocation, or other means. Under such circumstances, no "gift clause" violation may be claimed. (Cf., *Bickerdike* v. *State*, *supra*, 144 Cal. at 692.)

Finally, we note that our interpretation of the child support enforcement laws is consistent with that of the Department, the state agency charged with administering these statutes. "Unless unreasonable

or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference. [Citation.]" (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 460.)

In summary, we conclude that a district attorney who provides child support enforcement services for recipients of welfare benefits has discretion to accept less than the total amount of assigned support due from a noncustodial parent in exchange for a release of a real property lien if such partial payment and release will further the purposes of the child support enforcement laws.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Welfare and Institutions Code are by section number only.