Filed 10/14/20  Trans World Sourcing v. Prend CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| TRANS WORLD SOURCING, INC.,<br>    Plaintiff, Cross-defendant and<br>Appellant, | E072163 |
| v. | (Super.Ct.No. RIC1603278) |
| ROGER PREND,<br>    Defendant, Cross-complainant and<br>Respondent. | OPINION |

APPEAL from the Superior Court of Riverside County.  Randall S. Stamen, Judge.  Affirmed in part; dismissed in part.

Law Office of Armand Tinkerian and Armand Tinkerian for Plaintiff, Cross-defendant and Appellant, Trans World Sourcing, Inc.

Thompson & Colegate and Susan Knock Beck for Defendant, Cross-complainant and Respondent, Roger Prend.

Defendant Roger Prend prevailed on his motion for summary judgment in this action.  Plaintiff Trans World Sourcing, Inc. (Trans World) moved to vacate the judgment

1

and the order granting summary judgment, and the court denied that motion. Prend moved for attorney fees and costs, and the trial court granted that motion. Trans World appeals from both orders. We affirm in part and dismiss in part.

BACKGROUND

Trans World leased a commercial warehouse from Prend to store its inventory of television mounting brackets, consoles, and related accessories. It fell behind on its rent payments, and the parties entered into a lease termination agreement. Under that agreement, Prend released Trans World from its obligations under the lease, and Trans World agreed to pay the past due rent of $15,000. The lease termination agreement also gave Prend a security interest in Trans World's stored inventory—that is, if Trans World defaulted under the agreement, the inventory became Prend's property. After Trans World failed to make any payments under the lease termination agreement, Prend sold the inventory. Trans World brought this lawsuit against Prend and others.

Prend moved for summary judgment, and the court granted the motion and entered judgment for Prend. Trans World moved to vacate the order granting summary judgment and the judgment under Code of Civil Procedure section 473, subdivision (d) (unlabeled statutory citations refer to this code). Trans World argued that the court should vacate the order and judgment for two primary reasons: (1) Prend's security interest amounted to an illegal liquidated damages provision, and (2) the court failed to consider evidence of fraud in the negotiation and execution of the lease termination agreement and evidence of the parties' conduct after signing the agreement. In support of the motion, Trans World

2

filed declarations of its chief executive officer and its counsel, and it submitted numerous exhibits.

The court denied the motion to vacate because Trans World had not shown that the summary judgment order or the judgment was facially void. Moreover, even if the court considered the motion to vacate to be a motion for reconsideration of the summary judgment order, the motion was meritless. The court explained that the motion was untimely and not based on "new or different facts, circumstances, or law." (§ 1008, subd. (a).)

As the prevailing party, and on the basis of the attorney fees provision in the lease termination agreement, Prend moved for attorney fees and costs. The court granted that motion and awarded him $40,404.43 in fees and costs.

DISCUSSION

Section 473, subdivision (d), allows a court to "set aside any void judgment or order." An order or judgment is void only if the court lacked fundamental jurisdiction over the subject matter, questions presented, or parties. (*People v. The North River Insurance Co.* (2020) 48 Cal.App.5th 226, 233; *Machado v. Myers* (2019) 39 Cal.App.5th 779, 798.) We independently review whether an order or judgment is void. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)

The trial court did not err by denying the motion to vacate. Nothing in Trans World's moving or reply papers showed that the court lacked fundamental jurisdiction in

3

this case. The court's summary judgment order and the judgment were therefore not void.

Trans World contends that the court erred because the judgment enforced an illegal liquidated damages clause in the lease termination agreement. But Trans World is confusing a putatively erroneous summary judgment order with a void order. An order that might be wrong on the law, the facts, or both is nevertheless not void, so long as the court fundamentally had jurisdiction. (*Brown Co. v. Appellate Department* (1983) 148 Cal.App.3d 891, 904 [a court's "jurisdiction, or power to decide, is not in any way defeated or limited by a wrong decision"]; *Mitchell v. County Sanitation Dist. Number One* (1957) 150 Cal.App.2d 366, 374 ["A judgment is never absolutely void if the court had jurisdiction of the subject matter and the person of the defendant, no matter how erroneous it may be"].) The motion to vacate was not an opportunity to relitigate the merits of the summary judgment motion.

As for the attorney fees order, although Trans World filed a notice of appeal from it, the opening brief does not attempt to show prejudicial error; it does not even mention the order. Because Trans World has not presented any arguments concerning the order granting attorney fees, we dismiss the appeal from that order as abandoned.

## DISPOSITION

The order denying Trans World's motion to vacate is affirmed.  The appeal from the order granting Prend's motion for attorney fees is dismissed.  Prend shall recover his costs of appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
_____
J.

We concur:

RAMIREZ
_____
P. J.

SLOUGH
_____
J.

5