CHARLES WINNE *et al.*

*v.*

THE PEOPLE *ex rel.* Henry F. Hess *et al.*

*Opinion filed December 21, 1898.*

1. APPEALS AND ERRORS—*proceeding to divide township involves a franchise.* The right of a town organized under the general Township Organization act to exercise corporate authority over its territory is a franchise, which is involved in a *mandamus* proceeding to deprive the town of part of its territory, and such proceeding may be reviewed by the Supreme Court on direct appeal or error.

2. PARTIES—*writ of error to review proceeding to divide township must be in name of town.* The right to exercise the corporate franchise throughout the territory of a township is in the town, and any appeal or writ of error to review a proceeding involving such franchise must be in the name of the town, and not of its supervisor.

3. SAME—*error prosecuted for board of supervisors must be in name of board.* A writ of error brought by a township supervisor in his own name to review a *mandamus* proceeding to divide the township can not be sustained upon the ground that the official jurisdiction of the board of supervisors was decreased by such division, as the writ, if prosecuted for the benefit of the board, must be in its own name.

4. SAME—*service of process is not conclusive of party's interest.* The fact that a township supervisor is served with process in order to obtain jurisdiction of the supervisors, as a board, in a *mandamus* proceeding to compel the board to grant a petition to divide the township for which he is acting, does not give him the right to prosecute a writ of error in his own name or as supervisor.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. GEORGE W. BROWN, Judge, presiding.

N. J. ALDRICH, and THEODORE WORCESTER, for plaintiffs in error.

CARNES & DUNTON, and ALSCHULER & MURPHY, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition for *mandamus* was filed in the circuit court of DeKalb county to compel the board of supervisors of that county to grant the prayer of a petition for the

division of the town of Somonauk, in said county, and the creation of a new town, composed of territory therein described and comprising the west part of the township. The board interposed a demurrer to the petition, and the demurrer being overruled elected to stand by it, and the court granted the peremptory writ. A motion has been made to dismiss the writ of error.

It appears from the record that the town of Somonauk was organized as such under the general Township Organization law, and included a congressional township containing thirty-six sections of land. The petition presented to the board of supervisors asked for the creation of a new town by taking all that portion of the township lying west of a line drawn north and south through the center of sections 3, 10, 15, 22, 27 and 34, leaving fifteen square miles in the original town and appropriating about twenty-one square miles to the new town. The board refused to grant the prayer and create the new town, and the peremptory writ awarded by the circuit court ordered them to proceed to grant the prayer of such petition and create such new town.

It thus appears that the town of Somonauk, which the petition for *mandamus* sought to deprive of the greater part of its territory, was a public, *quasi* municipal corporation of the general class created by the legislature as minor local subdivisions of the State for the purpose of regulating and administering the local affairs of government within its territory. It was authorized by grant of the legislature to exercise the public franchises of such corporation over the entire congressional township. The right to exercise such powers and to be such a corporation is in itself a franchise, and while the existence of the entire corporate franchise or right to be a corporation is not involved in this suit in the sense that the original town is deprived of all existence, yet the right to exercise the franchise over more than one-half the original territory is directly involved. The effect of the judgment

awarding the peremptory writ of *mandamus* was to create a new town within the territory of the original town, and to deprive the town of Somonauk of the right to exercise its franchises, powers and privileges within the territory ordered to be taken from it.     In *Chicago and Western Indiana Railroad Co.* v. *Dunbar*, 95 Ill. 571, it was decided that the franchise of the railroad company was involved in a bill in chancery which did not question the existence of the franchise, but sought to enjoin the corporation from exercising it within certain territory.  Whether the town of Somonauk should continue of the same territory as before, or should be shorn of the right to exercise its franchises in more than one-half its territory, involves a similar question, and a writ of error from this court is proper to review such a judgment.   The town of Somonauk is interested in the judgment and entitled to sue out a writ of error.

We do not think that plaintiffs in error have such an interest as entitles them to prosecute the writ of error, which can only be prosecuted by one who is a party or privy to the record, or who is injured by the judgment or will be benefited by its reversal, or who is competent to release error.  (*Anderson* v. *Steger*, 173 Ill. 112.)  The suggestion that the question must be raised by plea in abatement, to which plaintiffs in error might reply their official relation to the town, is not in accordance with the practice.   The facts which show the interest of the plaintiffs in error must appear in the transcript of the record or be alleged in the assignment of errors.   If a writ of error is prosecuted by one who is a party to the record, his interest, of course, sufficiently appears without an allegation of interest, but if he is not a party and his interest does not appear from the record it should be alleged in the assignment of errors so as to show his relation to the suit.   A joinder in error would not put in issue the fact so alleged, and without a special plea denying it, it would stand admitted.   (*Gibler* v. *City of Mattoon*, 167 Ill. 18.)   In

this case, in the assignment of errors plaintiffs in error have described themselves as "supervisors of the town of Somonauk, DeKalb county, Illinois." If this description could be taken to be an allegation of the fact that they are supervisors, it would not show any interest, as such officials, in the judgment. A supervisor is not authorized by law to prosecute such a suit as this, for his town in his name of office, and except where such authority is conferred by law the town must sue and be sued by its name. (Hurd's Stat. chap. 139, art. 5, sec. 2.) Plaintiffs in error have no other or different right than justices of the peace, constables or commissioners of highways, and neither all of them collectively nor any of them could maintain a suit on behalf the town. The town itself holds and represents, and may maintain and defend, the right to exercise the corporate franchise throughout the corporate limits. It is not contended that every citizen may assume such defense, and the only ground suggested in which plaintiffs in error are affected differently from other citizens is that their official jurisdiction is decreased. It is said that their right to govern and supervise the territory is taken away. It is not contended that their revenues as officials are diminished or their personal interests affected, and the ground alleged is clearly insufficient to give them any right or interest in the litigation. Plaintiffs in error were among the number served with process for the purpose of bringing the board of supervisors into court, but that service was only for the purpose of obtaining jurisdiction of the board, as such. Plaintiffs in error might vote and act as members of that body, but the action was against the board, and if a writ of error were prosecuted for the board of supervisors it must be in the name of the board.

We think that the writ of error must be dismissed, and it is dismissed accordingly.          *Writ dismissed.*