[Civ. No. 5079. Second Appellate District, Division Two.—April 10, 1928.]

HERBERT F. TOUSLEY, Respondent, v. W. B. DISHMAN et al., Appellants.

Mulligan & Ryzek for Appellants.

Milton K. Young, Lyndol L. Young, William K. Young, and Young & Young for Respondent.

STEPHENS, J., *pro tem.*—The defendants signed a note payable to plaintiff, and in this action, which was brought for its collection, they set up the defense that they are only accommodation makers and that no consideration passed in the transaction. The trial court granted a motion for judgment on the pleadings and defendants appeal.

Appellants cite section 3109 of the Civil Code: "Absence or failure of consideration is a matter of defense against any person not a holder in due course . . . " Respondent replies by citing section 3110 of the Civil Code: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument *to a holder for value,* notwithstanding such

holder at the time of taking the instrument knew him to be only an accommodation party." (Italics ours.)

Admitting for the sake of argument only that there is an inconsistency on the face of these two sections of our code, there is no inconsistency as a matter of law. No principle of our rules of construction is better grounded than that a section of the code referring specifically to a matter takes precedence over a general section.

 Respondents say in their brief: "It should be remembered that no issue is raised by the answer regarding the consideration received by the original debtor, that is the party accommodated by defendants. Appellants' defense is that their assumption of respondent's debtor's obligation was not supported by a consideration and is therefore void. Their answer does not assail the obligation assumed as being without consideration and therefore void, but states that their act in assuming the same was without consideration." But appellants' answer does assail the obligation assumed as being without consideration and therefore void. The note was made payable to plaintiff and at all times remained in his hands. There is nothing in the pleadings to the effect that the plaintiff is a holder for value or that he was an innocent holder in due course. This must be shown before an accommodation maker can be held liable for the payment of a note given without consideration. (Sec. 3110, Civ. Code.) Defendants not only allege an entire lack of consideration to them, but "that there has been and is a want of consideration for the said note and the execution thereof." We take it that this is sufficient, at least in the absence of a demurrer for indefiniteness or uncertainty, to put in issue the determination of the fact as to whether or not there was ever any consideration for the making, execution or delivery of the note.

The order granting the motion for judgment on the pleadings is reversed.

Craig, Acting P. J., and Thompson, J., concurred.