(No. 26232.—

Jayne W. Hotchkiss *et al.* Appellees, *vs.* The City of Calumet City *et al.* Appellants.

*Opinion filed Sept. 17, 1941—Rehearing denied November 18, 1941.*

ROMAN E. POSANSKI, and FRANCIS L. BRINKMAN, (FRANKLIN J. STRANSKY, of counsel,) for appellants.

ARTHUR A. SULLIVAN, (HENRY O. NICKEL, and HOWARD B. BRYANT, of counsel,) for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a judgment entered in a *mandamus* action in the circuit court of Cook county. The appellees are judgment creditors of the city of Calumet City holding judgments in various amounts totaling more than $490,000. The claims of the judgment creditors arose out of the city's alleged misapplication of special assessment funds. The city of Calumet City, William F. Zick, mayor of the city, and Peter E. Horst, and nine others,

described as aldermen of the city, were made defendants. An answer was filed on behalf of all defendants, a hearing was had and on December 20, 1940, a judgment was entered finding that appellees, 178 of them, had previously obtained judgments against the city and that such judgments were unpaid and remained in full force and effect.

A peremptory writ of *mandamus* was directed to the city of Calumet City, William F. Zick, as mayor, and the ten aldermen, naming them, commanding them to take steps for the enactment of an ordinance providing for an issue of bonds, the levying of an annual tax to meet the bonds and an appropriation of the proceeds of the bonds to the payment of the several judgments. An alternative was ordered, that if the city should elect not to sell the bonds it should deliver them to the several judgment creditors in accordance with the terms stated in the judgment order.

William F. Zick as mayor of the city, Joseph Breclaw and Peter Soczyk, two of the aldermen named as defendants and described as aldermen of the city in their notice, filed a notice of appeal. The city did not join in such action and has not filed a separate notice. A substitution has been made in this court, by permitting John W. Jaranowski, the present mayor, to be substituted in Zick's place.

Appellees made a motion to dismiss the appeal which was taken with the case. The conclusions reached on the motion will make it unnecessary to consider the case on its merits. Appellees urge that the record does not show appellants to have a sufficient interest in the judgment to support the appeal.

It is the established rule that the right to appeal exists only in favor of a party whose rights have been prejudiced by the judgment or decree appealed from. (*McCollister* v. *Greene County Nat. Bank*, 171 Ill. 608.) Zick and his successor, Jaranowski, and Breclaw and Soczyk must be considered as being parties to the record in their official capacity, for no relief was asked or granted that affected

any of their individual rights. The judgment directed them to do certain things but the command was limited to actions pertaining to their official duties. The gist of the action was to compel the city to do that which appellees perceived they had a right to demand. The agencies or instrumentalities through which the city could perform the acts required was the city council and to give effect to the commands of the peremptory writ it was proper to direct the writ to those persons who, by virtue of their official positions constituted the city council and whose official duty it was to act. (*Village of Glencoe* v. *People,* 78 Ill. 382.) However, the naming of the mayor and the aldermen in the writ did not require them to do an act that was in any way related to their personal interests. The action commanded to be taken was the action of the corporate body and referred solely to the performance of its legal duties in reference to appellees' judgments.

Appellants say they have a personal interest arising out of the possibility of being prosecuted for contempt. Contempt such as referred to would necessarily arise out of appellants' refusal to follow the commands of the judgment order and perform their official duties. The possibility of such defiance of a court order on their part and their utter disregard of official duties can not serve to create in appellants a personal appealable interest in the judgment.

Since they can not be considered as parties of record in their individual capacity, their right to appeal individually, as parties not of record, under section 81 of the Civil Practice act, was subject to the requirement that where a person who is not a party to the record files a notice of appeal it must be made to appear by the record or the notice of appeal that such party would be injured by the judgment, benefited by a reversal or that he was competent to release errors. (*People* v. *Kennedy,* 367 Ill. 236.) The record does not make such showing for appellants in this case.

The interest which the mayor or any aldermen might have in prosecuting an appeal from a judgment entered against the city was subject to the will of a majority of the council as expressed at a regular meeting. In this connection it should be noted that at a meeting held December 12, 1940, the council adopted a resolution in reference to prosecuting an appeal from the judgment entered in this case. The resolution set forth the substance of a proposal of the city's judgment creditors whereby they were to accept bonds in lieu of their judgments and it was then resolved that such offer be accepted, the city attorney be directed to take steps necessary to give effect to the offer, that the services of special counsel which the city had previously employed to assist in the defense of the case be terminated, and it was further resolved that, in no event, should an appeal be prayed from the order or decision of the circuit court of Cook county in the *mandamus* action. The record discloses that appellants Breclaw and Soczyk voted against the resolution but such negative vote would not give them and the mayor the right to overrule the resolution of the majority and file a notice of appeal. The action of the council taken on the resolution was the action of the corporation. Steps taken to perfect an appeal in behalf of a municipal corporation must be pursuant to the authorization of the corporation. When such authority is questioned and it is proved, as in this case, that no such authority was given, the presumption of authority which is usually indulged in such matters, fails.

Appellants contend that subsequent action of the council repealed the resolution and authorized a prosecution of the appeal. The action referred to consisted of the adoption of the ordinance on April 26, 1941, which purported to repudiate the offer of settlement accepted by the resolution of December 10, and to repeal the resolution. Appellees raise questions that involve the effect of the ordinance upon the prior resolution but it is not necessary to consider

such contentions. The filing of the notice of appeal by appellants was without effect and the city could not make it effective by subsequent ratification, especially after the expiration of the period for filing a notice of appeal. The notice of appeal does not bring the case here so that it can be considered on its merits.

The previous holdings of this court that in a *mandamus* action against a municipal corporation it is not necessary to make the officials whose duty it is to act, parties to the suit, gives support to the conclusion that appellants had no appealable interest. In *Village of Glencoe* v. *People, supra,* it was said: "The object of the writ is to coerce the performance of a duty which is claimed to be obligatory on the council as a body, without regard to the individuals who compose that body. There might, therefore, be an entire change in the members composing the council, without in anywise affecting the proceeding. The duties sought to be enforced, although to be discharged by one branch of the corporate body, is, nevertheless, a corporate duty, and the proceeding might with equal propriety have been against the corporation, the ultimate result being precisely the same." See, also, *People* v. *Getzendaner,* 137 Ill. 234.

*Winne* v. *People,* 177 Ill. 268, was a *mandamus* action against the board of supervisors of DeKalb county to compel that body to give affirmative action upon a petition filed with the board which asked that a new town be created out of territory then included within the town of Somonauk. A writ was awarded and the person who was supervisor of Somonauk town, describing himself as such, sued out a writ of error from this court to review such judgment. It was said: "A supervisor is not authorized by law to prosecute such a suit as this, for his town in his name of office, and except where such authority is conferred by law the town must sue and be sued by its name. * * * The town itself holds and represents, and may maintain and defend, the right to exercise the corporate franchise throughout

the corporate limits. It is not contended that every citizen may assume such defense, and the only ground suggested in which plaintiffs in error are affected differently from other citizens is that their official jurisdiction is decreased. It is said that their right to govern and supervise the territory is taken away. It is not contended that their revenues as officials are diminished or their personal interests affected, and the ground alleged is clearly insufficient to give them any right or interest in the litigation. Plaintiffs in error were among the number served with process for the purpose of bringing the board of supervisors into court, but that service was only for the purpose of obtaining jurisdiction of the board, as such. Plaintiffs in error might vote and act as members of that body, but the action was against the board, and if a writ of error were prosecuted for the board of supervisors it must be in the name of the board." Appellants rely upon *Pacaud* v. *Waite*, 218 Ill. 138, but an examination of that case discloses a different set of facts and the application of a rule which is not applicable in this case. Appellees urge other points in support of their motion to dismiss the appeal but under the views expressed it is not necessary to consider them.

For the reasons assigned, the appeal is dismissed.

*Appeal dismissed.*