(No. 26452.—

THE PEOPLE *ex rel.* E. J. Altorfer, Appellee, *vs.* THE CITY OF PEORIA *et al.* Appellants.

*Opinion filed Nov. 24, 1941—Rehearing denied January 15, 1942.*

J. EDWARD RADLEY, Corporation Counsel, and CASSIDY, KNOBLOCK & SLOAN, for appellants.

Timothy W. Swain, for appellee.

Jack Rauch, for the city of Peoria *et al.* on motion to dismiss appeal.

Mr. Justice Wilson delivered the opinion of the court:

E. J. Altorfer, owner of an unimproved parcel of real estate in the city of Peoria, filed an amended petition in the circuit court of Peoria county for a writ of *mandamus* directing the then commissioner of buildings to issue to him a permit to erect upon his property a one-story brick building for the sale at retail of groceries, meats, vegetables, canned goods, bakery goods and other similar and allied articles. Fifty-one persons filed a petition seeking leave to intervene as parties defendant. These petitioners alleged that they owned property situated within two blocks of plaintiff's property; that some of them were the owners of property contiguous and adjacent to plaintiff's tract; that they had special interests and rights which should be represented; that their property would suffer irreparable damage and loss if the store be located, as proposed, and that their living conditions would be greatly injured. April 11, 1941, plaintiff's motion to dismiss the petition for leave to intervene was allowed and the intervenors' petition was denied. The intervening petitioners prosecuted an appeal to this court. (*People* v. *City of Peoria,* No. 26295.) Plaintiff filed a motion to dismiss the appeal. June 5, 1941, we transferred the cause to the Appellate Court for the Second District, it appearing that the appeal presented no question giving this court jurisdiction. June 23, 1941, the Appellate Court, upon motion of the plaintiff, dismissed the appeal. A further review by this court was not sought and, accordingly, the judgment of the Appellate Court dismissing the intervenors' appeal from the order of April 11 has become final. In the meantime, the commissioner of buildings and the city of Peoria had answered Altorfer's petitions, the circuit court sustained plaintiff's motion to strike

defendants' successive pleadings, the defendants elected to abide by their amended answer and answer to plaintiff's amended petition, and, on July 1, 1941, judgment was rendered awarding a peremptory writ of *mandamus* commanding John Dunlap, as commissioner of buildings, to grant and approve plaintiff's application for a building permit, in accordance with the plans and specifications for the improvements described in detail in his petition. The trial judge has certified that the validity of an ordinance is involved and that public interest requires a direct appeal to this court. July 16, 1941, the defendants filed their notice of appeal and *praecipe* for record in the circuit court. Later, on July 31, the intervenors filed a notice of appeal seeking a review of the judgment rendered on July 1, and, also, the order of April 11, denying their petition for leave to intervene.

The defendants, the city of Peoria and its commissioner of buildings, by attorney Jack Rauch, have made a motion in this court to dismiss their appeal. These same defendants, by the corporation counsel of the city and the law firm of Cassidy, Knoblock & Sloan, have filed a motion to strike the motion filed by attorney Rauch and, in the alternative, in the event the motion to dismiss be allowed, that the intervenors be permitted to intervene as parties in this cause. A third motion has been filed by plaintiff to dismiss the appeal of the intervenors. Disposition of these motions renders unnecessary a consideration of the cause on its merits.

It appears that the steps taken by the defendants subsequent to filing their notice of appeal and *praecipe* for record have been contrary to the instructions of the city council of Peoria. On July 22, 1941, at a regular meeting at which a quorum was present, the council passed a resolution (1) directing the city officials to dismiss the appeal of the defendants and (2) terminating the employment of any special counsel, voluntary or otherwise, in this matter.

Although notified of these resolutions, the special counsel continued to prosecute the appeal. Thereafter, on September 2, the council, at another regular meeting, a quorum of its members being present, adopted a resolution declaring that the mayor and the legal department had failed to execute the directions and instructions of the resolution of July 22, although repeatedly requested so to do. The resolution of September 2 authorized the employment of Jack Rauch, an attorney residing in Peoria, as special counsel and attorney for the city of Peoria and its commissioner of buildings for the purpose of dismissing the appeal, and, in particular, "to take all steps necessary and proper for the dismissal of said cause, and have carried out the instructions of this city council above set out."

One of the defendants, the city of Peoria, it is agreed, is a nominal party to the *mandamus* action. Its co-defendant, the commissioner of buildings, is a party to the record in his official capacity, no relief being sought or granted affecting his individual rights in any respect. The judgment awarding the writ of *mandamus* commanded him to issue a building permit, an order limited to action incident to his official duties and, conversely, in no way related to his personal interests. The interest which the commissioner of buildings and his superior, the mayor, might have in prosecuting an appeal from a judgment rendered against the city and its officer was subject to the will of a majority of the council as expressed at a regular meeting. (*Hotchkiss* v. *City of Calumet City,* 377 Ill. 615.) The action of the council on July 22, previously narrated, was the action of the city as a corporation. It follows, necessarily, that all subsequent steps taken to prosecute the appeal were not only without the authorization of the municipal corporation but directly contrary to its command. The special counsel who were representing the defendants on July 22 should have proceeded with dispatch to dismiss the appeal, as ordered. Having failed to obey the resolution of July 22,

the city council found it necessary to employ other special counsel for this purpose. Defendants' motion to dismiss the appeal, filed by attorney Rauch, must be allowed, and the motion of their former special counsel to strike the motion filed by attorney Rauch is denied.

The alternative motion to allow the intervenors to intervene as parties, upon the dismissal of the appeal as to the defendants, alleges that they are the owners of contiguous, adjacent, surrounding and neighboring property to plaintiff's tract upon which the store is proposed to be located, and that they have a direct, real financial interest in the result of this litigation, namely, the erection of the market will cause great depreciation in the values of their residences. Not having filed a petition for leave to appeal from the judgment of the Appellate Court dismissing their appeal from the order of April 11 rejecting the application for intervention, the intervenors may not now assail the correctness of the order. The issue is thus narrowed to a determination of whether they have such an interest in the litigation as to entitle them to prosecute an appeal from the judgment of July 1, 1941, rendered in favor of plaintiff and against defendants. The intervenors were not parties to the *mandamus* proceeding, nor privies to the record. Their right, if any, to prosecute an appeal is based upon section 81 of the Civil Practice act (Ill. Rev. Stat. 1941, chap. 110, par. 205, p. 2431) which provides that the right heretofore possessed by any person not a party to the record to review a judgment or decree by writ of error shall be preserved by notice of appeal. In order for a person not a party to the action to be entitled to a review, he must show that he has been injured by the judgment rendered, or will be benefited by its reversal, or is competent to release errors. (*Hotchkiss* v. *City of Calumet City, supra; Lenhart* v. *Miller,* 375 Ill. 346; *People* v. *Kennedy,* 367 id. 236; *People* v. *Whealan,* 353 id. 500.) No judgment was sought

against the intervening petitioners, the pleadings do not purport to involve or determine their private rights, and the writ of *mandamus* is not directed against them. Admittedly, the intervenors do not have any interest in plaintiff's property and it appears that their repeated attempts to intervene constitute a continued effort to change the character of this action from a *mandamus* action to a suit in equity. The single question presented for decision in the circuit court was the propriety of the denial by the commissioner of buildings of a building permit to plaintiff incident to the proposed use of his property for commercial purposes. The contiguous and neighboring property owners were not necessary parties. As members of the general public they were fully represented by the defendants whose interests, objectives and defenses were precisely the same, namely, sustaining the enforcement of the challenged zoning ordinance. (*Kennedy* v. *Town of Normal,* 359 Ill. 306.) Such interest as the intervenors may have in the outcome of the litigation is speculative, theoretical, inconsequential and remote rather than a direct, immediate and substantial interest. In contemplation of law, they are not injured by the judgment ordering the issuance of the writ of *mandamus.* Manifestly, the intervenors are not competent to release errors. The alternative motion of the defendants to allow the intervening petitioners to intervene as parties must also be denied, and plaintiff's motion to dismiss the appeal of the intervenors allowed.

The appeal of the city of Peoria and John Dunlap, its commissioner of buildings, and the appeal of the intervening petitioners are each dismissed.

*Appeals dismissed.*