[Civ. No. 23084.   Second Dist., Div. One.   Oct. 14, 1958.]

GEORGE A. MITCHELL, Petitioner, v. COUNTY SANITA-
TION DISTRICT NUMBER ONE OF LOS ANGELES
COUNTY, Respondent; J. M. LOWERY, Appellant.

135

Harold W. Kennedy, County Counsel, and Alfred Charles De Flon, Deputy County Counsel, for Appellant.

No appearance for Petitioner.

Gordon, Knapp & Gill and Joseph C. Gill for Respondent.

LILLIE, J.—On the original trial of this action, a mandamus proceeding to compel the county auditor Lowery to pay a valid municipal court judgment against the county sanitation district for interest on bond coupons and entitled, "George A. Mitchell, Petitioner, v. County Sanitation Dis-

trict Number One of Los Angeles County, State of California, and J. M. Lowery, County Auditor of Los Angeles County, State of California, Auditor of Said Board, Defendants," judgment was rendered in favor of petitioner Mitchell, and solely against appellant J. M. Lowery, as auditor of the board of directors of the district, directing him to issue certain warrants in favor of petitioner. Lowery appealed from the judgment and served his opening brief on both Mitchell and the sanitation district. In opposition thereto they each filed separate briefs. Lowery was at all times represented by the county counsel; the sanitation district had it its own counsel, as authorized by section 4739, Health and Safety Code, who represented it in all of the within litigation. The judgment was affirmed (150 Cal.App.2d 366 [309 P.2d 930]), and a petition for hearing was denied by the Supreme Court. The remittitur included an award of costs on appeal to "*respondents.*"

Pursuant thereto, Mitchell and the sanitation district filed separate memoranda for their costs and disbursements on appeal. Before the court below Lowery made two motions —to strike the cost bill of the sanitation district on the ground it was not a party to the appeal and therefore was not entitled to costs; and to be relieved of personal liability for costs in accordance with section 1095, Code of Civil Procedure. The trial court denied both motions and it is from the orders denying the same he appeals.

It is the contention of appellant, in connection with his motion to strike the sanitation district's cost bill, that the district was neither a "prevailing party" within the purview of rule 26(a), Rules on Appeal, nor an "adverse party" to the appeal under section 938, Code of Civil Procedure. He urges on his motion to be relieved of personal liability for costs that in appealing from the judgment in the mandamus action he acted in good faith in a representative capacity on behalf of the sanitation district, and that under section 1095, Code of Civil Procedure, he is entitled to relief.

At the request of appellant the record in the mandamus proceeding has been incorporated by reference into the record before this court. Therein we note, as did the reviewing court in its opinion disposing of the matter (150 Cal.App. 2d 366 [309 P.2d 930]), that the superior court litigation was originally made necessary by the refusal of Lowery, as auditor of the board of directors of the sanitation district, to honor a demand previously reduced to a final judgment in a munici-

pal court action brought by Mitchell against the district. This action had its genesis in the refusal of the district, because the obligation had been outlawed by the statute of limitations, to pay interest on certain bonds issued by it and held by Mitchell who had been out of the country on maturity date. Lowery was not therein joined as a party defendant—only the sanitation district was sued. The district, through its board of directors and by resolutions, waived the defense of the statute of limitations at the request of Mitchell's attorney in open meeting, and upon being informed by its counsel that it had intentionally done so, as set forth in its answer, the municipal court granted judgment on the pleadings. Thereafter, when Mitchell, pursuant to the judgment, made demand upon Lowery for payment of the coupons from the funds of the sanitation district, he refused. Mitchell sought the writ of mandate in the superior court to compel him to pay the amount of the judgment. In that proceeding Lowery attacked the waiver of the statute of limitations in the municipal court as being beyond the scope of the sanitation district's legal powers and alleged, among other things, that the board of directors of the district had "improperly and illegally" agreed with Mitchell's attorney to waive the statute.

This court, speaking through Mr. Justice Fourt, affirmed the superior court judgment (150 Cal.App.2d 366 [309 P.2d 930]) and declared that it was entirely proper under the circumstances for the district to waive the statute of limitations to permit it to honor and pay its legitimate debts, for which it had the funds available. One of Lowery's contentions on that appeal was that the power of the board to waive the statute was not determined by the municipal court after a "fair, open, adversary hearing," that Mitchell's judgment was obtained by "concert and improper agreement between Mitchell and the Board," and that a violation of the board's so-called official "trust" required a nullity of the waiver. (Appellant's Opening Brief and Closing Brief, No. 22100.)

Although in the mandamus proceeding Lowery, in his unverified counterclaim, alleged that the board of directors of the district acted "fraudulently and in collusion and concert with the plaintiff," his amended verified counterclaim eliminated the claim. However, on appeal, by way of argument, Lowery placed principal reliance for his contentions upon cases involving fraud or collusion, thereby implying the exist-

ence of such a situation. The court took cognizance of this and other claims and resolved them adversely to Lowery. It is obvious that this court, too, believed there existed an insinuation against the motives of the board, for it went to some extent to show that Mitchell's counsel presented his claim to the board in a "forthright manner," that before the meeting he had "never seen nor heard of any of the members of the board of directors, or the attorney for the District," had "never discussed the matter with any member of the board individually" and that all matters relating to the waiver were determined in "open public meeting" (150 Cal.App.2d 366, 368 [309 P.2d 930]); and concluded, at page 376: "It is difficult to see how or in what manner the District was imposed upon in the present case."

Appellant urges here that the sanitation district *itself* (as opposed to its board of directors) had a common interest with, and was not a party adverse to, him in the prior appeal. We see no merit in this contention for we cannot comprehend how the district could act except through its board of directors.

We agree with the position advanced by respondent that Lowery's criticisms of the governing board's motives; the implied suggestion of "fraud or collusion"; and his attacks on the integrity and legality of the board's acts necessarily made the district an adverse party in the prior appeal; and that by refusing to draw the warrants as ordered by the board pursuant to the municipal and superior courts' judgments, from which the district did not appeal, appellant placed himself in a position adverse to the district.

The early case of *Senter* v. *De Bernal* (1869), 38 Cal. 637, 640-641, construed the term "adverse party" found in former Practice Act, section 335 (now Code Civ. Proc., § 938) as every party whose interest in the subject matter of an appeal is adverse to, or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken, irrespective of whether he appears upon the face of the record as plaintiff, defendant or intervener. In the instant case the integrity of an official body and the propriety of its acts constituted one of the pivotal questions, becoming a major part of the subject matter of the previous appeal, requiring a defense on the part of the district and by necessity making it a party respondent.

Of interest at this point is his declaration in appellant's previous notice of appeal (No. 22100) that he appealed

as an "officer" and "employee" of the district, as its auditor, "and on behalf of said County Sanitation District Number One." Since in the original mandamus proceeding the sanitation district and Lowery were named as separate defendants, and since the district did not appeal from the judgment, it is apparent that the district was willing to pay the claim. Although describing himself as an "employee" and "officer" of the district it is clear from the record that appellant in prosecuting his appeal was acting neither under the authority or direction of the board of directors of the district or its counsel, nor with their consent or approval, but was in fact acting in opposition to their authority, contrary to their direction, and in his own behalf. Lowery's notice of appeal certainly gave the district the right, if not the duty, to appear in the appellate proceedings and disavow any purported appeal on its behalf. This it did, effectively defending its waiver of the statute of limitations, standing on its original determination to pay its legitimate obligations.

Additionally, the district was designated as a "respondent" in the clerk's transcript in appeal Number 22100, and under rule 14, Rules on Appeal, was entitled to file a brief. (*Estate of Green*, 133 Cal.App.2d 451, 452 [284 P.2d 202].) Although originally the clerk may have been responsible for this, the fact that thereafter Lowery recognized and acknowledged the district as a "respondent," is borne out by his service on it of a copy of his opening brief, as well as his closing brief, in which he was silent concerning the district's appearance.

Under all of the facts herein presented we believe that the sanitation district was an "adverse party" under section 938, Code of Civil Procedure. We reach the same conclusion with respect to appellant's further contention that the district was not the "prevailing party" on the prior appeal and hence not entitled to costs under rule 26, Rules on Appeal.

A "respondent" is defined by rule 26(a) as the "prevailing party" where there is a "general and unqualified affirmance"; and the rule 26(b) implements this definition by prescribing the clerk's entry of costs in the remittitur: " (1) In the case of a general and unqualified affirmance, for the respondent . . ." Obedient to the mandate of that section, the affirmance of the judgment being general and unqualified, the clerk of this court inserted an entry in the remittitur awarding costs to "*respondents.*"

■ The Supreme Court has observed in *In re McGee,* 37 Cal. 2d 6, at page 8 [229 P.2d 780], that a litigant may be the prevailing party in substance if not in form. In that case the court held it unjust to require the respondent to bear the costs of appeal when the position he maintained from the inception of the proceedings was eventually upheld. Such a rationale should here, too, be adopted. The district's main contention, to wit, its right to waive the statute of limitations, made necessary by Lowery's attack on the legality and propriety of its actions, eventually obtained the sanction of the reviewing court. Irrespective then of any question of the formal status of the sanitation district on the prior appeal, we believe the district should have its costs under rule 26.

We come now to Lowery's claim for relief from personal liability for costs. He contends that ''public officers are not personally liable for costs when they sue, or are sued, in their representative capacities.'' This general rule of law has been codified in California. The pertinent language of the Code of Civil Procedure, section 1095, providing for costs to the successful applicant in a mandate action reads as follows: ''If judgment be given for the applicant, he may recover the damages which he has sustained . . . together with costs; provided, however, that in all cases where the respondent is a state, county or municipal officer, all damages and costs, or either, which may be recovered or awarded, shall be recovered and awarded against the state, county or municipal corporation represented by such officer and not against such officer so appearing in said proceeding . . . but in all such cases, the court shall first determine that the officer appeared and made defense in such proceeding in good faith.''

Lowery questions (1) whether as auditor of the sanitation district he was an officer of a ''municipal corporation'' within the meaning of section 1095, and if not whether the only statute then applicable would be section 1029, Code of Civil Procedure, which provides: ''When any county, city, district, or other public agency or entity, or any officer thereof in his official capacity, is a party, costs shall be awarded against it on the same basis as any other party and, when awarded, must be paid out of the treasury thereof;'' and (2) if section 1095 rather than 1029 is applicable, whether the trial court abused its discretion in failing to find that he acted in good faith.

Section 1029 relates to the matter of costs generally, whereas section 1095 deals specifically with costs in mandate matters.

Appellant concedes as much, and also acknowledges that the statutes are not consistent. ▮ Where such inconsistencies appear, courts are governed by the established principle of statutory construction that a special statute dealing expressly with a particular subject controls and takes priority over a general statute. (*Brill* v. *County of Los Angeles*, 16 Cal.2d 726, 732 [108 P.2d 443]; *Tousley* v. *Dishman*, 90 Cal.App. 759, 761 [266 P. 373].) For the purposes of this appeal, therefore, we think that section 1029 is superseded by section 1095.

▮ However, before section 1095 can be properly invoked it must appear that all of the conditions therein specified have been met. First, the respondent officer sought to be charged must have been an officer of one of the public agencies listed—in the instant case, a municipal corporation. No case has been cited to the effect that a county sanitation district is or is not a municipal corporation; although in *Imperial Irr. Dist.* v. *County of Riverside*, 96 Cal.App.2d 402, 405-406 [215 P.2d 518], an irrigation district was held to be a "municipal corporation" as that term is used in section 1, article XIII of the California Constitution. The *Imperial Irr. Dist.*, case, *supra*, follows the reasoning found in *Rock Creek etc. Dist.* v. *County of Calaveras*, 29 Cal.2d 7, where the court, at page 11 [172 P.2d 863], quotes with approval from the dissent opinion in the case of *Turlock Irr. Dist.* v. *White*, 186 Cal. 183, 195 [198 P. 1060, 17 A.L.R. 72]: "An irrigation district probably comes nearer than any other of the subordinate public corporations of the state to meeting the technical requirements defining a municipal corporation. It has its own directors and officers, conducts its own elections, can sue and be sued in the corporate name, issues bonds, levies, collects and disburses its own revenues, acquires and holds property, both real and personal, in its own name, and in the management of its internal affairs is entirely independent of the county and state, aside from the control of general laws." ▮ All of the foregoing powers are granted a county sanitation district by the provisions of Health and Safety Code, sections 4700 et seq., and the district operates independent of other agencies; hence, we cannot do otherwise than decide that a county sanitation district is a "municipal corporation" as the term is used in section 1095. Furthermore, such a conclusion makes for uniformity and obviates the anomaly which would result if for certain purposes, such as exemption from property

taxes, county sanitation districts are to be treated in the same category as municipal corporations, and for other purposes such as the one at bar they are to be placed in another category. (*Metropolitan W. Dist.* v. *County of Riverside*, 21 Cal.2d 640, 644 [134 P.2d 249].)

The next condition specified in section 1095 relates to the representation of the municipal corporation by the officer against whom costs are asked. ■■ As auditor of the county in which the district was formed, Lowery is ex officio auditor of the district. (Health & Saf. Code, § 4732.) According to the record in the mandamus action, he appeared as ''an officer, employee and agent'' of the district and ''on his own behalf and on behalf of said County Sanitation District Number One,'' and his then attorney, the county counsel, is his present counsel of record. He was not a member of the district's governing body, the board of directors consisting of the chairman of the board of supervisors and the presiding officers of nine other cities located within the district (Health & Saf. Code, § 4730), nor did he have the same authority given the district to employ counsel. (Health & Saf. Code, § 4739.) His sole interest in the original litigation between Mitchell and the district seemingly stemmed from a difference of opinion with the board which ordered him to draw the warrant—his personal belief, and that of his counsel, that the district and the taxpayers as real parties in interest were being imposed upon. The trial judge in the municipal court action, however, determined otherwise and any personal liability for the payment of a doubtful claim was thus extinguished. Personally dissatisfied with the trial court's decision in the subsequent mandamus action, he prosecuted an appeal to this court and unsuccessfully sought a hearing in the Supreme Court. Appellant would have incurred no possible personal liability had he drawn the warrant in payment of the municipal court's final judgment, or in compliance with the writ of mandate. The record is clear that the appeal he prosecuted was neither necessary nor authorized by the district or its counsel; nor did he represent the district. It was, at all times, represented in this litigation by its board of directors and its counsel, a fact upon which the opinion of this court (150 Cal.App.2d 366 [309 P.2d 930]) was predicated. ■■ The question posed here is whether the enactment of the proviso in section 1095, permitting recovery of costs under stated conditions, contemplated the situation at bar. Although the right of the district's auditor to refuse

payment of a doubtful claim must be conceded, we do not believe that in opposing satisfaction of a final judgment thereafter validating such claim, the auditor, acting as he did not only without the consent and approval of the board of directors of the district but directly contrary to its directions to pay it, was then and there representing the district and thus entitled to the protection of the pertinent provisions of section 1095. Particularly is this so when he took such action without the authority or sanction of the district's governing board which alone was empowered by statute to employ counsel trained and paid to render advice on legal matters.

■ Lowery advanced the argument that in this litigation he has represented the *district* as opposed to its board of directors. It takes only a review of section 4730 et seq., Health and Safety Code, to reject appellant's argument as without merit. Although section 4738 permits the district to sue and be sued in its own name, the code further provides in detail for a board of directors which constitutes the "governing body" of the district, to carry on its affairs and direct its policies. Since Lowery is not a member of the board, has no connection with its counsel and has no control over its litigation, we are at a loss to find any statutory authority for his appearance "on behalf of the district," in the prior appeal. Nor does the record aid him in his claim, for it is apparent that his acts, since the entry of the municipal court judgment, were in complete derogation of the board's order. Nor does statutory authority or the record show Lowery in this case had any control over the board's litigation, which right at all times was vested with the governing board. An Illinois case, *People* ex rel. *Altorfer* v. *City of Peoria*, 378 Ill. 572 [39 N.E.2d 42], cited by respondent, seems persuasive. The court there upheld the right of the city council to control its litigation and stated, at page 44 [39 N.E.2d] : "One of the defendants, the City of Peoria, it is agreed, is a nominal party to the mandamus action. Its co-defendant, the Commissioner of Buildings, is a party to the record in his official capacity, no relief being sought or granted affecting his individual rights in any respect. The judgment awarding the writ of mandamus commanded him to issue a building permit, an order limited to action incident to his official duties and, conversely, in no way related to his personal interest. The interest which the Commissioner of Buildings and his superior, the Mayor, might have in prosecuting an appeal from a judgment rendered against the City

and its officer was subject to the rule of a majority of the counsel, as explained at a regular meeting. *Hotchkiss* v. *Calumet City*, 377 Ill. 615 [37 N.E.2d 332].)''

In short, Lowery disagreed and took personal issue with the board, its counsel and the courts, and expected the taxpayers to pay costs expended in asserting his position on appeal.

It is interesting to note at this point that appellant's argument is predicated mainly upon his contention that fiscal officers generally should be permitted to serve as ''watchdogs'' at government cost over the actions of local governing bodies to protect the taxpayers. Referring only to the case at bar, we are unable to find statutory authority for this position, and it would appear as a practical matter that appellant, whose personal liability was in no way at stake, in obtaining independent counsel and directly opposing the district's orders and the two judgments, was in no better position than that of a taxpayer who brings a suit to determine the legality of official action. Appellant cites *District Bond Co.* v. *Cannon*, 20 Cal.App.2d 659 [67 P.2d 1090], for the proposition that he had the privilege of appealing a judgment he deemed incorrect. In that case it is obvious that the city treasurer acted with the authority of the board of the improvement district and on the advice of its counsel, who represented her. She did not act in derogation of the district's authority. The petitioner urged a dismissal of her appeal because she was not personally an aggrieved party. In rejecting its contention the court recognized she was acting as an officer and affirmed her right in that capacity to appeal from an order which determined her duty with reference to the fund in question. The privilege of appealing as such is not in question in the instant case. Our query is whether it can be done at district expense.

In any event, it clearly appears from the record that the trial court did not abuse its discretion in refusing to find that Lowery was acting in good faith—such refusal being implicit in the order denying the motion for relief from personal liability. The motion was heard and submitted on affidavits, as well as on the record (trial and appellate) in the mandamus action. Lowery's affidavit was limited to the allegation that he asserted his defense ''in good faith'' and on advice of counsel ''and not for the purposes of harassment of petitioner George A. Mitchell, or for any other purpose.'' A counteraffidavit, executed by the district's counsel

averred, among other things, that as auditor it was Lowery's duty to draw the warrant, that his refusal has been without the consent, direction or authorization of the board of directors, and without and contrary to the advice of the board's official counsel, that adequate funds were available for the payment of the final judgment, and that the board has been willing and able to pay. It further alleged that Lowery was ordered by the board to satisfy the judgment, his refusal resulting in the judgment in the mandamus proceeding, that he appeared without the consent and approval of the board or its counsel and that the "district was forced to incur these costs by virtue of the unlawful refusal of J. M. Lowery to discharge his legal duty to draw a warrant in payment of what the district board of directors and its counsel, as well as the courts, determined to be a lawful obligation of the district."

Lowery argues that to charge him here with costs and disbursements would substantially eliminate a valuable check on the official acts of governing bodies; he refers to a ruling on a demurrer to the effect that the district could not legally waive the statute; and points out that this court in no wise considered his appeal a frivolous one and went to some lengths to resolve the issues presented. ▉▉ Of course, in the last analysis the existence or absence of "good faith" was a factual question, although a close one, and governed by the familiar substantial evidence rule, also applicable to matters submitted by way of affidavit. (*Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 508 [289 P.2d 476, 47 A.L.R.2d 1349].)

▉▉ It is well settled that in considering an appeal from an order made on a motion based on affidavits and which involves a determination of a question of fact, if there is any conflict therein, that favoring the respondent is accepted by the reviewing court as true, and since all intendments are in favor of the ruling of the lower court, the affidavit in behalf of the successful party is deemed not only to establish the facts directly stated therein, but all facts reasonably to be inferred from those stated. (*De Wit* v. *Glazier,* 149 Cal.App.2d 75 [307 P.2d 1031]; *Doak* v. *Bruson,* 152 Cal. 17 [91 P. 1001]; *West Coast Securities Co.* v. *Kilbourn,* 110 Cal.App. 293 [294 P. 57].)

▉▉ The Supreme Court has held that the phrase "good faith" "generally speaking means being faithful to one's duty or obligation." (*People* v. *Nunn,* 46 Cal.2d 460, 468 [296 P.2d 813].) ▉▉ Under the facts as here presented and the applicable statutes governing the management of county

sanitation districts, the inference is reasonable that Lowery had no duty, official or otherwise, to which he owed the measure of fidelity evidenced by his defense of the mandamus action and the appeal which followed. On the issue of "good faith" insofar as the trial court has passed upon the credibility of those executing the affidavits and weighed the evidence offered therein, its implied findings will not be disturbed (*Griffith Co.* v. *San Diego College for Women, supra*). We find in the record before us no abuse of judicial discretion in the trial court's denial of Lowery's motion to be relieved from personal liability for costs.

For the foregoing reasons, the orders are, and each of them is, affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied November 3, 1958, and appellant's petition for a hearing by the Supreme Court was denied December 10, 1958.