7 Ill. App.3d 478 (1972)
288 N.E.2d 49
LOUIS MANK, Plaintiff-Appellee,
v.
THE BOARD OF FIRE AND POLICE COMMISSIONERS et al., Defendants-Appellants.
No. 70-171.
Illinois Appellate Court  Fifth District.
September 18, 1972.
*479 *480 Leon G. Scroggind, of Madison, and Leo H. Konzen, of Granite City, for appellants.
Callis, Filcoff & Gitchoff, of Granite City, for appellee.
Affirmed in part; reversed in part.
Mr. JUSTICE SMITH delivered the opinion of the court:
This is an appeal by the Board of Fire and Police Commissioners of the City of Granite City from a circuit court judgment which reversed the discharge of a city policeman, Louis Mank. The Board of Fire and Police Commissioners heard charges against Louis Mank, and after the hearing, sustained six of the charges and ordered the discharge of Mank. The circuit court on administrative review of this decision found that Louis Mank did not receive a fair and impartial hearing and therefore reversed. *481 The circuit court also found that some of the charges were barred by laches.
Louis Mank, the appellee, was a policeman employed by the City of Granite City. Thirteen charges were filed with the Board of Fire and Police Commissioners by the city police chief, one Ronald J. Veizer, in December, 1969. A hearing was held by the Board and the Board found that there was sufficient grounds to sustain six of the thirteen charges. The charges upon which the Board found against Mank were as follows:
(1) That Mank was employed by a private corporation from June 12, 1969, to November 23, 1969, when he was assigned as a patrolman and he did not request absence during that period of time.
(2) That Mank has failed to respond to directions of officers and resents authority and does not conform to acceptable standards for a patrolman.
(3) That on February 3, 1968, Mank issued a ticket to a police officer also in uniform and that charge was dropped.
(4) That on July 7, 1967, Mank struck a prisoner after he had been placed under arrest and was in custody without sufficient cause.
(5) That on November 26, 1966, Mank struck another individual without sufficient cause while he was on duty.
(6) That on May 23, 1966, Mank, while on duty, struck another individual causing him to be severely injured.
Upon the decision being rendered by the Board of Fire and Police Commissioners of the City of Granite City, administrative review was sought by Mank. After a hearing, the court reversed the Board, finding that "it was impossible for the Respondent, Louis Mank, to receive a fair and impartial hearing * * * for the reason that one of the members of the Board of Fire and Police Commissioners of the City of Granite City, a Municipal Corporation, to-wit, George Veizer, is also the father of the complainant in this matter * * *." The court also found that the last three charges were barred by laches, and that the second charge was unimportant and was unsubstantiated by admissible evidence. The first and third charges alone were found sustained by admissible evidence, but because of the ruling on the fair hearing, the discharge was reversed.
Pursuant to the Administrative Review Act, a notice of appeal was filed by the Board of Fire and Police Commissioners, appealing the decision of the Circuit Court. A motion to dismiss this appeal was made by Mank on the basis that the City of Granite City did not by resolution authorize that the appeal be taken. This motion was taken with the case.
*482 The argument of Mank is that the City, as the governing body, must authorize the appeal by resolution. In support of his argument, Mank cites Hotchkiss v. Calumet City, 377 Ill. 615, 37 N.E.2d 332, and People v. City of Peoria, 378 Ill. 572, 39 N.E.2d 42, for his authority. Neither case is applicable. In Peoria, the City adopted a resolution to dismiss an appeal after several council members proceeded to appeal. The court held that the appeal was not authorized and dismissed it. In the Hotchkiss case, the real party in interest, the City, did not appeal. Members of the council did. However, as they were not the real parties in interest, their appeals could not be maintained and the City could not ratify and adopt their acts to affect the appeal on behalf of the City after the appeal time had elapsed.
 1, 2 Both of the foregoing cases involved matters directly affecting the City and not an independent board created by statute. Division 2 of the Illinois Municipal Code (ch. 24, 1971 Ill. Rev. Stat., sec. 10-2.1-1 et seq.), creating the statutory basis for the Board of Fire and Police Commissioners, provides that a decision of that Board may be reviewed by Administrative Review (Section 10-2.1-17), and that the procedures adopted by that act and the rules promulgated thereunder apply to the proceedings. The Administrative Review Act (ch. 110A, 1971 Ill. Rev. Stat., sec. 264, et seq.), provides that review shall be sought in the Circuit Court by filing a complaint and that the administrative agency shall be made a party defendant. An administrative agency is, under Section 1, a "board * * * having power under law to make administrative decisions". The named defendants in this action were the Board of Fire and Police Commissioners and the individual members. Granite City was not made a party to the proceeding nor required to be a party. As the party in interest under the Administrative Review Act, and as the defendant in the action, the agency has the right to appeal under Section 13 on an adverse decision in the Circuit Court.
 3 Furthermore, the legislative intent of Division 2 of the Municipal Code is to create an independent autonomous Board to review matters coming before it. The members are appointed for three-year terms and more than two members cannot be of the same political party. They may not be related by blood to elected officials in the City. The members are not subject to removal except after hearing upon written charges. The creation of the Board and the giving of the Board the powers that were given it clearly manifests the desire to create an independent Board. To say that the Board has to rely upon the city council for its actions in appealing or not appealing a case would seem to be an encroachment upon the desired independence as expressed by the statute. To adopt the *483 position of Mank would severely encroach and limit the independence of this Board.
Mank further argues for the first time on appeal that the Board herein was not properly organized as it did not conform with the statute. He points out that the ordinance creating the Board has not been amended to reflect legislative changes in 1965. He also contends that the Board members have not filed political affidavits and that they have not promulgated rules as required by statute. Supplemental motions and records have been filed in this court with conflicting certifications as to existing ordinances.
 4-6 The Board of Fire and Police Commissioners has not answered the argument of the Plaintiff Mank other than to allege that the statements in the brief are erroneous and to move that the factually incorrect portions of the brief be stricken. The question of which ordinances are existing is more appropriately determined by the trial court. Furthermore, a review by this court indicates that the attempt by Mank to attack collaterally the validity of the Board for the first time in this appeal is not warranted. The Board was at least nominally set up under the terms and provisions of the Municipal Code of Illinois and the ordinances of Granite City, it was a de facto board and the commissioners were acting under the color of title to their offices. Under Section 10-2.1-3, the members are considered as officers of the municipality. As was said in People v. Woodruff, 9 Ill.2d 429, 137 N.E.2d 809, on page 437:
"It is a well settled principle that the acts of officers de facto are as valid and effectual where they concern the public or the rights of third persons as though they were officers de jure and that the title to an office cannot be decided in a collateral suit but only in a direct proceeding for that purpose."
(See also I.L.P., Vol. 29, Officers, Sec. 9.) The validity of the Board and the right of the officers to act is more appropriately tested by a quo warranto proceeding and may not be attacked collaterally. (People v. Board of Review, 19 Ill.2d 424, 427, 167 N.E.2d 553.) The attack here, therefore, cannot be allowed.
Mank contends that he did not receive a fair and impartial hearing. The three-man board that heard the charges had as a member the father of the police chief, the person who filed the charges. It is also contended that the fair and impartial hearing was jeopardized because the city attorney representing the police chief, and the prosecuting attorney, jeopardized the fair and impartial hearing of the case before the Board by his "prosecution" of the case.
 7 The statute provides that the Board of Fire and Police Commissioners *484 shall conduct a fair and impartial hearing. (Chapter 24, Sec. 10-2.1-17, 1971 Ill. Rev. Stat.) In administrative hearings affecting licenses and employment, the person charged is entitled to be tried before a disinterested board. In In re Heirich, 10 Ill.2d 357, 140 N.E.2d 825, a case involving the revocation of a license to practice law, the Supreme Court stated as follows on p. 384:
"We agree that respondent was entitled to be tried before a tribunal that was completely disinterested in the subject matter and that it would have been appropriate for the commissioner to have disqualified himself.
* * *
It is a classical principle of jurisprudence that no man who has a personal interest in the subject matter of a decision in a case may sit in judgment on that case.
The principle is as applicable to administrative agents, commissioners, referees, masters in chancery, or other arbiters of questions of law or fact not holding judicial office as it is to those who are technically judges in the full sense of the word."
See also Smith v. Department of Registration & Education, 412 Ill. 332, 106 N.E.2d 722.
Bias and prejudice is an illusive condition of the mind and it may even unconsciously exist in the person who would sincerely contend that he has no bias or prejudice. The function of the Board of Fire and Police Commissioners is judicial to determine whether or not the charges were true and whether or not the charges were sufficiently severe to warrant a discharge. The testimony offered here was conflicting and the allegations of undue force raised a number of credibility issues. Relationship by blood is sufficient to disqualify a judge in hearings (Rule 67, ch. 110A, Ill. Rev. Stat. 1971), and the commissioners here were "judges in the full sense of the word". Because of the closeness of the relationship between the charging party and one of the members of the commission and because of the judgmental factors involved, this court does not believe that the requirements for a fair and impartial hearing before a disinterested board were satisfied by the Board when one of the commissioners was closely related to the person bringing the charges.
The Board argues strenuously that the attorneys for Mank did not raise the issue of prejudice so as to preserve the record for review. At the commencement of the hearing, the attorney for Mank noted that the father was serving on the Board. He also raised the question with the Board as to how they could receive a fair and impartial trial with the commissioner sitting who was the father of the charging party and noted that there was no procedure set forth in the statute for challenging the *485 Board or the commissioner. In response to a direct question by the attorney for the Board as to whether counsel was asking for the removal of the commissioner, he replied that "I am not asking for his removal or acquiescing his approval on the Board." The Board asserts that this failure to request a removal, amounts to a waiver of the right of Mank to later allege error.
 8, 9 The remarks of counsel and the position taken by the Board indicate that the issue was sufficiently raised before the Board so as not to constitute waiver. The Board was made aware of the situation and proceeded with Mr. Veizer on the Board, excusing him as to counts in which the police chief was personally involved. The Board justified its position on the ground of the "rule of necessity", that it had to proceed as it had exclusive jurisdiction and to decline to hear the matter would deny a remedy. (1 Am.Jur.2d, Administrative Law, Sec. 66.) The Board therefore understood the remarks of counsel as a request for Mr. Veizer to excuse himself and ruled that he should not. The Board, however, could have proceeded with a majority of two as the statute provides that a quorum shall consist of two members. (Sec. 10-2.1-2, Chap. 24, 1971 Ill. Rev. Stat.) The rule of necessity, that the officer challenged should not excuse himself if there is no other board or body to hear the dispute, is therefore not applicable.
 10 This court does not mean to imply that the police chief or his father have used any improper or undue influence to achieve a result that would not have otherwise been achieved. The fact that the father was sitting on the Board is sufficient in itself. His participation on the Board affects the action and participation of the whole body and jeopardizes the decision of all. City of Naperville v. Wehrle, 340 Ill. 579, 173 N.E. 165; In re Heirich, 10 Ill.2d 357, 140 N.E.2d 825.
 11 The role of the attorney for the Board did not appear to jeopardize the fairness of the hearing. The city attorney was appointed to represent the charging party and another party was appointed to represent the Board. This is authorized by Sec. 10-2.1-25. (1971 Ill. Rev. Stat. ch. 24, sec. 10-2.1-25.) The city attorney presented the case, marshalled the evidence, cross-examined witnesses, and argued the motions on behalf of the police chief. Such actions did not turn the hearing into a prosecution, but was necessary for the Board to hear the evidence and reach its decision. We see no error in such activities.
 12, 13 The trial court also held that the charges involving undue force were barred by laches. We agree. The charges were filed from 39 to 44 months after the incidents occurred. A review of the evidence indicates conflicting testimony as to what occurred. The testimony depended upon recollection and several witnesses were not available. The *486 length of time above would be sufficient to cause prejudice where the factual dispute is solely dependent on recollection. In Monroe v. Civil Service Com. of the City of Waukegan, 55 Ill. App.2d 354, 358, 204 N.E.2d 486, 488, the court stated:
"Laches may also arise where the voluntary delay of a party would prevent the trier of fact from arriving at a fair conclusion, as where `the evidence of the matters in dispute has been lost or become obscured, so that a court is practically precluded from ascertaining the truth of the matters in dispute, or the conditions have so changed as to make enforcement of the alleged right inequitable.' Lutyens v. Ahlrich, 308 Ill. 11, 20, 21, 139 N.E.2d 50, 53 (1923)."
 14 This case is therefore remanded for hearing on the charges one and three as referred to herein. The father of the police chief has apparently resigned and therefore his presence on the Board will not jeopardize a fair and impartial hearing on a rehearing of the charges originally sustained by the Board. Those charges for which laches have been determined to be applicable should be dismissed. An argument has been made that remanding the case to the Board of Fire and Police Commissioners for further hearing would violate the fair and impartial requirement of the statute; however, if this does occur, the remedy is available to seek administrative review of the action.
For the foregoing reasons, the order of the Circuit Court is affirmed in part and reversed in part with directions to proceed in accordance herewith.
Affirmed in part; reversed in part with directions.
CRAVEN, P.J., and SIMKINS, J., concur.