**William R. TRAXLER,
Plaintiff-Appellee,**

v.

**BOARD OF TRUSTEES OF the FIRE-MEN'S PENSION FUND, CITY OF BOULDER, Colorado, Defendant-Appellant.**

No. 84CA0062.

Colorado Court of Appeals,
Div. III.

Nov. 23, 1984.

Rehearing Denied Dec. 20, 1984.

Certiorari Denied June 24, 1985.

John A. Meininger, Englewood, for plaintiff-appellee.

Joseph N. de Raismes, City Atty., Alan E. Boles, Jr., Asst. City Atty., Boulder, for defendant-appellant.

BABCOCK, Judge.

In this administrative review proceeding and declaratory judgment action, the Board of Trustees of the Firemen's Pension Fund of the City of Boulder (the Board) appeals the decision of the trial court which reversed the action of the Board in refusing to grant the request of William R. Traxler (Traxler) for retirement benefits. We dismiss the appeal.

The Board is composed of the mayor, the municipal treasurer or finance officer, one other person appointed by the governing body of the municipality, and three members of the membership of all classes of fire departments serving the municipality. Section 31-30-402(1), C.R.S. (1977 Repl.Vol. 12). Its function is to manage the pension fund according to the provisions of §§ 31-30-401, et seq., C.R.S. (1977 Repl.Vol.12).

In October 1983, after the city attorney filed a motion to alter or amend the judgment, the Board held a meeting concerning this case. At this meeting, a motion to accept the trial court's decision failed by a vote of 3-3. In November 1983 the Board's motion to alter or amend was denied.

In December 1983, the Board again met to consider this case. A motion was made and seconded by two of the members of the fire department to appeal the trial court's ruling. The mayor objected to the motion because she believed neither the movant nor the seconding member intended to vote in support of the motion. The three firemen voted against the motion. The other three board members abstained. All procedural objections were overruled by the president of the Board, and no motion to overrule the president's ruling was made.

The Board has not adopted rules of procedure as authorized by § 31-30-403(3), C.R.S. (1977 Repl.Vol.12). However, Boulder Revised Code § 2-3-14(e) (1981) provides that "four members of the board constitute a quorum, and the board shall only act on an affirmative vote of at least four members."

Under § 31-30-414, C.R.S. (1977 Repl. Vol.12), it is the duty of the city attorney to advise the Board on all matters pertaining to its duties and management of the pension fund "when required to do so." That section further provides that "such attorneys shall represent and defend said boards as their attorneys in all suits or actions at law or in equity that may be brought against them and bring all suits and actions in their behalf *that may be required or determined upon by said boards."* (emphasis added)

The city attorney, by his assistant, attended Board meetings involving Traxler's application, represented the Board before the trial court, and attended the November and December meetings. At the December meeting, after the chairman announced that the motion to appeal had not carried and overruled the objection to the motion, the following colloquy occurred:

"ASSISTANT CITY ATTORNEY: Well, I'll say this—I don't regard the vote as valid and I'm going to file the motion for appeal.

"BOARD MEMBER: Is that your own personal ...?

"ASSISTANT CITY ATTORNEY: That's fine. If you want to sue me, you will be walking into a real dog fight, I'll promise you that."

Traxler moved to dismiss this appeal upon the grounds that the city attorney lacks authority and standing to prosecute this appeal. The motion has been briefed and argued. We agree that the city attorney does not have authority and standing to prosecute this appeal.

■ Authority of an attorney to appear for another is presumed. *See Williams v. Uncompahgre Canal Co.,* 13 Colo. 469, 22 P. 806 (1889); *Colorado Coal & Iron Co. v. Carpita,* 6 Colo.App. 248, 40 P.248 (1895); 17 E. McQuillin, *Municipal Corporations*

§ 49.33 (3rd ed. 1977 rev. vol.). However, a court has inherent power to determine by what authority an attorney appears to prosecute or defend for another. *Williams v. Uncompahgre Canal Co., supra; Colorado Coal & Iron Co. v. Carpita, supra.* The party challenging the attorney's authority to appear must overcome the presumption by a clear and convincing showing. *See Blake v. Blake,* 17 Utah 2d 369, 412 P.2d 454 (1966).

 Litigation in which a board is interested is within the exclusive control of the board established to direct and manage its affairs; the board is empowered to instruct the legal representative regarding any litigation involving it, which instruction must be followed. 17 E. McQuillin, *Municipal Corporations* § 49.33 (3rd ed. 1977 rev. vol.), *see* § 31–30–414, C.R.S. (1977 Repl.Vol. 12). An appeal taken by a city attorney contrary to or without authority of the board he represents is subject to dismissal for lack of standing. *See Botkin v. Mayor,* 28 N.J. 218, 146 A.2d 121 (1958); *People ex rel. Altorfer v. City of Peoria,* 378 Ill. 572, 39 N.E.2d 42 (1941); *City of Portsmouth v. New Hampshire National Bank,* 76 N.H. 577, 83 A. 459 (1912).

Traxler has made a clear and convincing showing that the city attorney has no authority or standing to prosecute this appeal. The Board could act only by a majority of its members. Boulder Revised Code § 2–3–14(e) (1981). The motion to appeal made at the December board meeting failed for lack of majority. We conclude that this vote constitutes not only a lack of authorization to appeal the trial court's decision, but an acquiescence in the judgment of the trial court. *See Botkin v. Mayor, supra.* Thus, the city attorney's prosecution of this appeal was without authorization by the Board, and contrary to its command. *See People ex rel. Altorfer v. City of Peoria, supra; City of Portsmouth v. New Hampshire National Bank, supra.*

The city attorney argues that, pursuant to § 31–30–414, C.R.S. (1977 Repl.Vol. 12), his authority to defend the Board in this action continues until finality attaches following appeal. This contention is without merit.

An action may reach final determination in the court of original jurisdiction. *See People ex rel. Grenfell v. District Court,* 89 Colo. 78, 299 P. 1 (1931). This is the case here. The decision to pursue an appeal is a policy issue to be determined by the Board, not the city attorney. Nothing in § 31–30–414, C.R.S. (1977 Repl.Vol. 12) leads us to conclude otherwise. Moreover, we decline to imply such authority based on the city attorney's unwarranted assumption that fire pension boards will always be deadlocked by a 3–3 vote. Any such concern should be addressed to the General Assembly and the Boulder City Council.

Appeal dismissed.

BERMAN and METZGER, JJ., concur.